■ KATHLEEN LE CLAIRE, Appellant, v DONALD J. PRATT, Respondent. [704 NYS2d 354] —Carpinello, J. Appeal from an order of the Supreme Court (Keniry, J.), entered March 10, 1999 in Saratoga County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff was traveling west on Farm-to-Market Road in the Town of Halfmoon, Saratoga County, when she approached its intersection with Pryun Hill Road; her access to this intersection was controlled by a stop sign. Plaintiff drove into the intersection and was struck by defendant's vehicle, which was traveling south on Pryun Hill Road. Plaintiff apparently told the investigating police officer that she saw defendant's vehicle but drove into the intersection anyway because she thought it contained a four-way stop. At her deposition, however, plaintiff testified that she stopped before entering the intersection and thereafter drove into it because she saw no oncoming traffic on Pryun Hill Road in either direction. Defendant has no memory of the accident. His motion for summary judgment dismissing the complaint was granted by Supreme Court, prompting this appeal.

Pursuant to Vehicle and Traffic Law § 1142 (a), plaintiff was obligated to stop and yield the right-of-way to any vehicle which was approaching so closely on another highway as to constitute

an immediate hazard. Although plaintiff contends that a question of fact exists as to whether defendant's vehicle constituted an immediate hazard, the undisputed fact that plaintiff was unable to drive through the intersection without being struck by defendant's vehicle is compelling evidence of the immediate hazard created by defendant's vehicle as it approached the intersection. Plaintiff's view was not obstructed and there is no evidence that defendant was speeding. Notwithstanding plaintiff's speculation that the accident was caused by defendant's failure to take evasive action, defendant was entitled to judgment in his favor as a matter of law (*see, Bolta v Lohan*, 242 AD2d 356; *Anastasio v Scheer*, 239 AD2d 823). Plaintiff was obligated "to see what by the proper use of her senses she might have seen" (*Weigand v United Traction Co.*, 221 NY 39, 42) and defendant, as the driver with the right-of-way, was entitled to anticipate plaintiff's compliance with her obligation to yield at the stop sign (*see, Matt v Tricil [N. Y.]*, 260 AD2d 811, 812).

Plaintiff's claim that defendant might have had two or three seconds to react from the time plaintiff's vehicle entered the intersection until the collision occurred is speculation. In any event, such a brief period of time is generally insufficient to raise a question of fact regarding a party's failure to take evasive action (*compare, Wilke v Price*, 221 AD2d 846, 847, *with Gaeta v Morgan*, 178 AD2d 732, 734). Also without merit is plaintiff's claim that defendant violated Vehicle and Traffic Law § 1140 (a), which obligates drivers approaching an intersection to yield the right-of-way to a vehicle that has entered the intersection from another direction. The provisions of Vehicle and Traffic Law § 1140 are inapplicable where, as here, the intersection is controlled by a stop sign (*see,* Vehicle and Traffic Law § 1140 [c]). "Sections 1142 and 1172 of the Vehicle and Traffic Law deal specifically with the rights and obligations of vehicles at intersections controlled by stop signs and thus supercede the more general right of way rules of section 1140" (*Hohenstein v Mosher*, 36 AD2d 662 [citations omitted]). The record establishes as a matter of law that plaintiff's negligence was the sole proximate cause of the accident.

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.