■ CHARLES A. KING, SR., Appellant, et al., Plaintiff, v CHARLES A. WASHBURN, JR., Respondent. [710 NYS2d 185] —Mercure, J. Appeal from an order of the Supreme Court (Mugglin, J.), entered May 18, 1999 in Otsego County, which denied a motion by plaintiff Charles A. King, Sr. for summary judgment dismissing defendant's counterclaim.

Plaintiffs brought this action to recover for injuries sustained by plaintiff Charles A. King, Sr. (hereinafter plaintiff) when a vehicle he was driving collided with a vehicle driven by defendant at the intersection of Main Street and Elm Street in the City of Oneonta, Otsego County. In his answer, defendant asserted an affirmative defense and counterclaim alleging plaintiff's comparative negligence. Plaintiff moved for summary judgment dismissing the counterclaim, Supreme Court denied the motion and plaintiff appeals.

We affirm. According to the parties' deposition testimony, the subject accident occurred as defendant, whose southbound

vehicle had stopped at a stop sign, attempted to turn left from Elm Street onto Main Street and pulled out into the path of plaintiff's vehicle, which was proceeding in a westbound direction on Main Street, a through street. Defendant's view was obstructed by two cars that were parked to his left on Main Street and a "huge snow pile" at the northeast corner of the intersection. Defendant testified that there was "patchy" snow on the ground and that plaintiff was traveling at 25 to 30 miles per hour at the time, which he felt may have been "a little too fast for the slippery road conditions". For his part, plaintiff acknowledged that he was driving at approximately 20 to 25 miles per hour, that defendant's vehicle was approximately 40 feet away when he first saw it proceed into his path, and that he applied his brakes but began to slide and was still sliding at the time of impact.

Although defendant was plainly negligent in attempting to turn left without yielding to plaintiff, the fact remains that plaintiff had no right to "blindly and wantonly enter [the] intersection" (*Greco v Boyce*, 262 AD2d 734, 735; *Walker v Dartmouth Plan Leasing Corp.*, 180 AD2d 952, 953-954). In our view, triable issues of fact exist as to plaintiff's own culpable conduct, including whether his speed was appropriate given the undisputed evidence of adverse road conditions (*see*, Vehicle and Traffic Law § 1180 [e]), whether he should have reduced his speed when he observed defendant approaching the intersection without appearing to slow down or to look in plaintiff's direction (*see*, *Premo v Lam*, 222 AD2d 872, 873; *compare, Matt v Tricil [N. Y.]*, 260 AD2d 811, 812), and whether he had a sufficient opportunity to take some evasive action in an effort to avoid the accident (*see*, *Gaeta v Morgan*, 178 AD2d 732, 734).

Cardona, P. J., Spain, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, with costs.