■ ELSA LARA, Respondent, et al., Plaintiffs, v LAKISHA SIMMONS et al., Appellants. [814 NYS2d 732]—

In an action to recover damages for personal injuries, the defendants appeal from (1) an order of the Supreme Court, Suffolk County (Pitts, J.), dated May 10, 2005, which granted the motion of the plaintiff Elsa Lara for summary judgment on the issue of liability dismissing the counterclaim asserted against her, and (2) a judgment of the same court entered July 11, 2005, which, upon the order, dismissed the counterclaim asserted against the plaintiff Elsa Lara.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the motion is denied, the counterclaim of the defendant Lakisha Simmons against the plaintiff Elsa Lara is reinstated, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

In support of her motion, the plaintiff Elsa Lara (hereinafter Lara) established her prima facie entitlement to summary judgment on the issue of liability on the counterclaim asserted

against her by demonstrating that the defendant driver entered an intersection without yielding the right-of-way to Lara's vehicle and, therefore, was negligent as a matter of law (*see Ishak v Guzman,* 12 AD3d 409 [2004]; *Batal v Associated Univs.,* 293 AD2d 558 [2002]; *Nunziata v Birchell,* 238 AD2d 555 [1997]). However, in opposition, the defendants raised a triable issue of fact as to whether Lara failed to take reasonable measures to avoid the accident (*see Paljevic v Smith,* 20 AD3d 517 [2005]; *Bodner v Greenwald,* 296 AD2d 564 [2002]; *Hernandez v Bestway Beer & Soda Distrib.,* 301 AD2d 381 [2003]; *King v Washburn,* 273 AD2d 725 [2000]; *cf. Matt v Tricil [N.Y.], Inc.,* 260 AD2d 811 [1999]). Accordingly, the court erred in granting Lara's motion for summary judgment on the issue of liability on the counterclaim asserted against her. Prudenti, P.J., Santucci, Krausman and Dillon, JJ., concur.