■ ALBERT V. BURGHARDT, Respondent, v JAMES C. CMAYLO, Appellant. [835 NYS2d 383]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Bucaria, J.), dated June 28, 2006, which granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is denied.

The parties were involved in a traffic accident on Stewart Avenue in Nassau County, near the entrance to the Roosevelt Field Mall. The plaintiff was traveling west and the defendant was traveling east on Stewart Avenue. Stewart Avenue had three lanes of traffic each way and a light at the intersection with the mall entrance. Eastbound, there was a left turn signal for traffic going to the mall. The defendant turned left toward the mall entrance and the plaintiff went straight into the intersection, hitting the defendant's vehicle.

The plaintiff moved for summary judgment on the issue of liability relying upon, inter alia, the deposition testimony of both parties. According to the plaintiff's deposition testimony, his light was green when he entered the intersection, and the defendant, without warning, turned left from the middle eastbound lane, cutting out in front of him. According to the defendant's deposition testimony, the left turn signal for the mall entrance was green when he made his left turn. The Supreme Court granted the plaintiff's motion and directed a trial on the issue of damages. The defendant appeals, and we reverse.

The defendant admits that he violated the Vehicle and Traffic Law by turning left from the center lane (*see* Vehicle and Traffic Law § 1160). This violation constitutes negligence per se (*Jones v Radeker*, 32 AD3d 494 [2006]) but does not necessarily lead to the conclusion that his action was a proximate cause of the accident (*see Baldwin v Degenhardt*, 82 NY2d 867 [1993]; *Koziol v Wright*, 26 AD3d 793, 794 [2006]). Additionally, there may be more than one proximate cause of an accident. Since the defendant may be totally at fault, not at all at fault, or partially at fault, the plaintiff failed to meet his initial burden of establishing his entitlement to judgment on the issue of liability as a matter of law, and the motion should have been denied (*see Scibelli v Hopchick*, 27 AD3d 720 [2006]; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Mastro, J.P., Rivera, Dillon and Carni, JJ., concur.