CLAUDE NARRACCI, Respondent, v JOHN D. BRIGATI et al., Appellants. [868 NYS2d 544]—

A vehicle operated by the plaintiff's decedent collided with a vehicle operated by the defendant John D. Brigati and owned by the defendant White Post Growers, Inc., at the intersection of Third Avenue and West Pulaski Road in Huntington. The plaintiff's decedent was traveling on Third Avenue, which was governed by a stop sign at its intersection with West Pulaski Road. The defendant driver was traveling on West Pulaski Road, which was not governed by a traffic control signal at its intersection with Third Avenue.

The defendants failed to submit evidence sufficient to establish their entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). Although the decedent's direction of travel was governed by a stop sign, triable issues of fact exist as to the facts surrounding the accident and whether the defendant driver was free of negligence (*see Virzi v Fraser,* 51 AD3d 784 [2008]; *Campbell-Lopez v Cruz,* 31 AD3d 475 [2006]; *Hernandez v Bestway Beer & Soda Distrib.,* 301 AD2d 381 [2003]). Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment. Fisher, J.P., Angiolillo, Dickerson and Belen, JJ., concur.