■ NEDDY WESH, Respondent, v FRANK LAIDLAW et al., Appellants. [873 NYS2d 180]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Queens County (O'Donoghue, J.), dated January 28, 2008, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

On May 14, 2005 at the intersection of 104th Avenue and 189th Street in Queens, a two-vehicle collision occurred between a vehicle owned and operated by the plaintiff Neddy Wesh and a vehicle operated by the defendant Frank Laidlaw and jointly owned by Laidlaw and the defendant Jennifer Hay (hereinafter together the defendants). The plaintiff commenced this action to recover damages for injuries he allegedly sustained in the accident. Subsequently, the defendants moved for summary judgment dismissing the complaint on the ground that the

plaintiff's conduct was the sole proximate cause of the accident because, in contravention of a stop sign on 189th Street, the plaintiff failed to yield the right-of-way to the defendants' vehicle traveling on 104th Avenue. In support, the defendants submitted, inter alia, the deposition transcripts of Laidlaw and the plaintiff, which, taken together, established that the plaintiff stopped his vehicle at the stop sign on 189th Street, saw the defendants' vehicle turn onto 104th Avenue one block from the subject intersection, and did not yield to the defendants' vehicle despite knowing that the defendants' vehicle was not controlled by a traffic device or sign. Therefore, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff failed to yield the right-of-way in violation of Vehicle & Traffic Law § 1142 (a) (*see* Vehicle & Traffic Law § 1142 (a); *Mei Yan Zhang v Santana*, 52 AD3d 484, 485-486 [2008]; *Gergis v Miccio*, 39 AD3d 468, 468-469 [2007]; *Laino v Lucchese*, 35 AD3d 672 [2006]). Further, as Laidlaw's vehicle had the right-of-way, he was entitled to anticipate that the plaintiff would obey the stop sign requiring the plaintiff to yield the right-of-way to the defendants' vehicle (*see Goemans v County of Suffolk*, 57 AD3d 478 [2008]; *Laino v Lucchese*, 35 AD3d at 672-673; *Platt v Wolman*, 29 AD3d 663 [2006]).

In opposition, the plaintiff submitted an affirmation of his counsel and two photographs allegedly depicting the damage to the front of the defendants' vehicle. The affirmation of the plaintiff's counsel was insufficient to raise a triable issue of fact, as he had no personal knowledge of the accident (*see Zuckerman v City of New York*, 49 NY2d 557, 563 [1980]). Moreover, without more, the two photographs allegedly depicting the damage to the defendants' vehicle failed to raise a triable issue of fact as to whether Laidlaw was negligent. Rivera, J.P., Miller, Carni and McCarthy, JJ., concur.