■ SHAKIA M. YELDER, Respondent, v NEWTON V. WALTERS et al., Appellants. [883 NYS2d 290]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Lane, J.), entered May 27, 2008, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

This action arises from an accident which occurred at the intersection of Linden Boulevard and 159th Street in Queens, when a vehicle operated by the plaintiff, Shakia M. Yelder, collided with a vehicle operated by the defendant Alvin Francis. At the time of the accident, the plaintiff, who was employed by the New York City Police Department as a traffic enforcement agent, was driving her patrol car south on 159th Street. Francis was driving a minivan owned by the defendant Newton V. Walters east on Linden Boulevard, which is a two-way street with opposite lanes of travel separated by a double yellow line. It is undisputed that traffic on 159th Street at its intersection with Linden Boulevard is controlled by a stop sign, while Linden Boulevard is a through street.

At her deposition, the plaintiff, who was 21 years old at the time of the accident, testified that she came to a full stop at the stop sign governing traffic on 159th Street, and looked both ways before entering the intersection. She maintained that the closest vehicles she observed were stopped at a red light two blocks away from the intersection. Looking straight ahead, the plaintiff proceeded across the intersection at a speed of about 10

to 15 miles per hour. After crossing the double yellow line separating the west and east bound lanes of traffic on Linden Boulevard, the plaintiff's vehicle was struck by Francis's vehicle, which the plaintiff had not seen prior to the collision.

Francis, who was 20 years old at the time of the accident and did not have a driver's license, testified at his deposition that he was driving east on Linden Boulevard, and that the maximum speed he attained was between 20 and 30 miles per hour. He recalled that there were vehicles in front of him as he approached the intersection of Linden Boulevard and 159th Street, and estimated that the closest of these vehicles was three to four car lengths ahead. Francis stated that he saw the plaintiff's vehicle "immediately before the collision," and estimated that three to five seconds elapsed from the moment he saw her vehicle until the moment of impact. When Francis first saw the plaintiff's vehicle, he "tried to swerve out of the way," by swerving to the right. However, the plaintiff's vehicle collided with the front driver's side of his vehicle. Francis testified that his foot was on the gas pedal when he first saw the plaintiff's vehicle, but he was not specifically questioned as to whether he removed his foot from the gas and hit the brake pedal prior to the collision.

Relying on the deposition testimony of the parties, the defendants moved for summary judgment, contending that the sole proximate cause of the accident was the plaintiff's failure to yield the right-of-way in violation of Vehicle and Traffic Law § 1142 (a). In opposition to the motion, the plaintiff argued that the deposition testimony raised triable issues of fact as to which vehicle entered the intersection first, what Francis's speed was at the time of the accident, and whether Francis had the opportunity to avoid the collision. In support of her position, the plaintiff emphasized her testimony that she had crossed over half of Linden Boulevard prior to the collision, and submitted that the jury could infer that Francis's vehicle was stopped at a red light two blocks away when she entered the intersection and that he was, thus, traveling at a high rate of speed. The Supreme Court denied the defendants' motion for summary judgment, finding that there were issues of fact as to which vehicle entered the intersection first, and whether there was any comparative negligence. We reverse.

The defendants made a prima facie showing of their entitlement to judgment as a matter of law through the deposition testimony of the parties. The plaintiff, operating her vehicle on a street governed by a stop sign, was required not only to stop, but to yield to vehicles on the intersecting thoroughfare operat-

ing with the right-of-way (*see* Vehicle and Traffic Law § 1142 [a]). The plaintiff also was required to see the oncoming traffic through the proper use of her senses (*see Goemans v County of Suffolk,* 57 AD3d 478, 479 [2008]; *Hull v Spagnoli,* 44 AD3d 1007 [2007]; *Friedberg v Citiwide Auto Leasing, Inc.,* 22 AD3d 522, 523 [2005]). Thus, the plaintiff's failure to yield to Francis's vehicle, which was traveling on Linden Boulevard with the right-of-way, and her admitted failure to see that vehicle until the moment of impact, demonstrates her negligence as a matter of law (*see Jones v Castro-Tinco,* 62 AD3d 957 [2009]; *Jaramillo v Torres,* 60 AD3d 734 [2009]; *Wesh v Laidlaw,* 59 AD3d 534 [2009]; *Goemans v County of Suffolk,* 57 AD3d 478, 479 [2008]; *Hull v Spagnoli,* 44 AD3d at 1007; *Friedberg v Citiwide Auto Leasing, Inc.,* 22 AD3d at 522; *Bongiovi v Hoffman,* 18 AD3d 686, 687 [2005]). Indeed, it has been observed under similar circumstances that "the undisputed fact that plaintiff was unable to drive through the intersection without being struck by defendant's vehicle is compelling evidence of the immediate hazard created by defendant's vehicle as it approached the intersection" (*Le Claire v Pratt,* 270 AD2d 612, 613 [2000]).

Furthermore, we disagree with our dissenting colleague's conclusion that Francis's deposition testimony was insufficient to make a prima facie showing that he was free from comparative negligence. Regardless of which vehicle entered the intersection first, Francis, as the driver with the right-of-way, was entitled to anticipate that the plaintiff would obey traffic laws which required her to yield (*see Wesh v Laidlaw,* 59 AD3d at 534; *Goemans v County of Suffolk,* 57 AD3d at 479; *Melendez v County of Nassau,* 56 AD3d 736, 738 [2008]; *Friedberg v Citiwide Auto Leasing, Inc.,* 22 AD3d at 523; *Bongiovi v Hoffman,* 18 AD3d at 687). Although a driver with a right-of-way also has a duty to use reasonable care to avoid a collision (*see Maliza v Puerto-Rican Transp. Corp.,* 50 AD3d 650, 651 [2008]; *Exime v Williams,* 45 AD3d 633 [2007]; *Mateiasevici v Daccordo,* 34 AD3d 651 [2006]), it has been recognized that a driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively negligent for failing to avoid the collision (*see Jaramillo v Torres,* 60 AD3d at 735; *DeLuca v Cerda,* 60 AD3d 721 [2009]; *Meliarenne v Prisco,* 9 AD3d 353, 353 [2004]; *Le Claire v Pratt,* 270 AD2d at 613; *Lupowitz v Fogarty,* 295 AD2d 576 [2002]). Moreover, Francis' deposition testimony demonstrates that he did indeed attempt to take evasive action by swerving out of the path of the plaintiff's vehicle. Although Francis did not specifically indicate that he also attempted to avoid the collision by braking, given the brevity of the period in which he had to react, his testimony was sufficient to demonstrate that he acted reasonably.

Furthermore, in opposition to summary judgment, the plaintiff failed to raise a triable issue of fact. In light of the plaintiff's admission that she did not see Francis's vehicle before the impact, her allegation that he may have been negligently traveling at an excessive rate of speed was speculative and, thus, insufficient to defeat summary judgment (*see Batts v Page,* 51 AD3d 833, 834 [2008]; *McCain v Larosa,* 41 AD3d 792, 793 [2007]; *Exime v Williams,* 45 AD3d at 634; *Mateiasevici v Daccordo,* 34 AD3d at 651; *Trzepacz v Jara,* 11 AD3d 531 [2004]; *Meliarenne v Prisco,* 9 AD3d at 354).

We note that our dissenting colleague, focusing on Francis's testimony that three to five seconds elapsed between the time he observed the plaintiff's vehicle and the collision, and that he was traveling no faster than 30 miles per hour, offers various calculations as to the number of feet Francis had to stop to avoid the collision, using the formula speed ÷ time = distance. However, the plaintiff made no such argument in opposition to summary judgment, and offered no expert's affidavit to calculate the distance which Francis had to avoid the accident. As the Court of Appeals recently cautioned, appellate courts "are not in the business of blindsiding litigants, who expect us to decide their appeals on rationales advanced by the parties, not arguments their adversaries never made" (*Misicki v Caradonna,* 12 NY3d 511, 519 [2009]). Thus, as a matter of fairness to the parties, we do not deem it appropriate to consider the issue of whether Francis was comparatively negligent on a ground they have not raised. In any event, by attempting to calculate the number of feet in which Francis had to respond from the first moment he saw the plaintiff's vehicle, the dissent disregards the fact that Francis, as the driver with the right-of-way, was entitled to anticipate that the plaintiff would yield. Thus, Francis's response time should not be measured from the moment he observed the plaintiff's vehicle. Furthermore, as we have pointed out, it has been recognized in circumstances similar to those at bar that a driver who has only seconds to react to a vehicle which has failed to yield is not comparatively negligent for the failure to avoid the collision. Finally, while we realize that the testimony of the two drivers diverged on issues such as the weather conditions at the time of the accident, whether 159th Street was a one- or two-way street, and whether another vehicle preceded Francis's vehicle into the intersection, these disputes are not material to our determination. The plaintiff's failure to yield the right-of-way in violation of Vehicle and Traffic Law § 1142 (a) establishes her negligence as a matter of law, and although Francis was a young and unlicensed driver, the record is devoid of evidentiary proof that he contributed to the

accident by traveling at an excessive rate of speed, or had sufficient time to avoid the collision and negligently failed to take reasonable steps to do so. Prudenti, P.J., Dillon, and Eng, JJ., concur.

Skelos, J., dissents and votes to affirm the order appealed from, with the following memorandum: The plaintiff, Shakia M. Yelder, a 21-year-old traffic enforcement agent employed by the City of New York, was operating a city-owned vehicle at the time she was involved in a collision with a vehicle owned by the defendant Newton V. Walters and operated by the defendant Alvin Francis, a 20-year-old student and unlicensed driver. The accident occurred on March 2, 2004, at the intersection of 159th Street and Linden Boulevard in Queens. The plaintiff's southbound direction of travel on 159th Street was controlled by a stop sign at Linden Boulevard. There were no traffic control devices governing Francis's direction of travel on Linden Boulevard at its intersection with 159th Street.

The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff failed to yield the right-of-way to the defendants' vehicle in violation of Vehicle and Traffic Law § 1142 (a) and that said violation was the sole proximate cause of the accident. The only sworn statements submitted in support of the defendants' motion for summary judgment are the transcripts of the examinations before trial of the plaintiff and Francis. In opposition, the plaintiff also relied on the deposition transcripts submitted in support of the defendants' motion, as annotated in the affirmation of her counsel. The Supreme Court found that the defendants established, prima facie, their entitlement to judgment as a matter of law, but that the plaintiff demonstrated a triable issue of fact. Accordingly, the Supreme Court denied the defendants' motion.

A party seeking summary judgment has the burden of tendering evidentiary proof sufficient to establish its entitlement to judgment as a matter of law by demonstrating the absence of any material triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067 [1979]; *Seidman v Industrial Recycling Props., Inc.*, 52 AD3d 678, 680 [2008]; *Martinez v 123-16 Liberty Ave. Realty Corp.*, 47 AD3d 901, 902 [2008]). Failure of the moving papers to eliminate all material issues of fact requires the denial of the motion for summary judgment, without regard to the sufficiency of the opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324). Indeed, the burden on the movant is such that summary judgment must be denied

even if the existence of a triable issue of fact is only arguable (*see Glick & Dolleck v Tri-Pac Export Corp.,* 22 NY2d 439, 441 [1968]; *Baker v Briarcliff School Dist.,* 205 AD2d 652, 653 [1994]). In addition, a court deciding a motion for summary judgment is required to view the evidence presented in the light most favorable to the party opposing the motion and to draw every reasonable inference from the pleadings and proof submitted by the parties in favor of the opponent to the motion (*see Myers v Fir Cab Corp.,* 64 NY2d 806 [1985]; *Nicklas v Tedlen Realty Corp.,* 305 AD2d 385, 386 [2003]; *Fleming v Graham,* 34 AD3d 525, 526 [2006], *revd on other grounds* 10 NY3d 296 [2008]; *Perez v Exel Logistics,* 278 AD2d 213, 214 [2000]).

Notwithstanding the defendants' proof that the plaintiff's direction of travel was controlled by a stop sign and, even assuming that the defendants have proven that the plaintiff failed to yield the right-of-way to the defendants' vehicle, a review of the record reveals that the defendants failed to eliminate a question of fact as to all of the material allegations of their negligence as set forth in the complaint and bill of particulars (*see Kuri v Bhattacharya,* 44 AD3d 718 [2007]; *Sayers v Hot,* 23 AD3d 453, 454 [2005]). Accordingly, the motion was correctly denied, although the Supreme Court should have so ruled because the defendants failed to establish their prima facie entitlement to judgment as a matter of law (*see Matthews v Smallridge,* 59 AD3d 1077 [2009]; *Lopez v Reyes-Flores,* 52 AD3d 785, 786 [2008]; *Borukhow v Cuff,* 48 AD3d 726, 727 [2008]; *Burghardt v Cmaylo,* 40 AD3d 568 [2007]; *Campbell-Lopez v Cruz,* 31 AD3d 475, 476 [2006]; *see generally Alvarez v Prospect Hosp.,* 68 NY2d at 320).

The plaintiff testified that she was proceeding south on 159th Street, a two-way street, and that she came to a full stop at its intersection with Linden Boulevard. She looked to her left and right twice, "didn't see anything coming," and then "proceeded across the intersection." Her vehicle was struck after she was "fully across" the double yellow line of Linden Boulevard. The plaintiff did not see the vehicle that struck her vehicle. The defendants offered no proof to contradict the plaintiff's testimony that she came to a full stop at the intersection. Rather, they contended only that the plaintiff's failure to yield the right of way to their vehicle was the sole proximate cause of the accident. Even assuming the plaintiff failed to see the defendants' vehicle, and failed to yield the right of way such that her negligence is established as a matter of law (*see e.g. Gergis v Miccio,* 39 AD3d 468, 468-469 [2007]), that does not end the inquiry because there may be more than one proximate

cause of an accident (*see Lopez v Reyes-Flores,* 52 AD3d at 786; *Burghardt v Cmaylo,* 40 AD3d at 569; *Campbell-Lopez v Cruz,* 31 AD3d at 476; *Scibelli v Hopchick,* 27 AD3d 720 [2006]; *Cox v Nunez,* 23 AD3d 427 [2005]; *Hernandez v Bestway Beer & Soda Distrib.,* 301 AD2d 381 [2003]). In addition to offering prima facie proof of the plaintiff's negligence, the defendants were required to demonstrate that Francis was free of comparative negligence (*see Lopez v Reyes-Flores,* 52 AD3d at 786; *Burghardt v Cmaylo,* 40 AD3d at 569; *Campbell-Lopez v Cruz,* 31 AD3d at 476; *Scibelli v Hopchick,* 27 AD3d at 720; *Cox v Nunez,* 23 AD3d at 427; *Hernandez v Bestway Beer & Soda Distrib.,* 301 AD2d at 381). That is, under the circumstances of this case, the defendants were required to demonstrate that Francis met his obligation "to exercise reasonable care to avoid a collision even though [the plaintiff's] car was controlled by a 'Stop' sign" (*Stein v Whitehead,* 40 AD2d 89, 93 [1972]; *see Narracci v Brigati,* 57 AD3d 632 [2008]; *Virzi v Fraser,* 51 AD3d 784 [2008]; *Cox v Nunez,* 23 AD3d at 427) and that he was thereby not partially at fault for causing the accident (*see Lara v Simmons,* 29 AD3d 642, 643 [2006]; *Paljevic v Smith,* 20 AD3d 517, 518 [2005]; *Bodner v Greenwald,* 296 AD2d 564, 565 [2002]; *King v Washburn,* 273 AD2d 725, 726 [2000]).

The formula speed ÷ time = distance, as a scientific fact, the practical application of which is generally known and recognized by our courts (*see e.g. Ferrer v Harris,* 55 NY2d 285, 291-292 n 3 [1982]; *Penzell v State of New York,* 120 Misc 2d 600, 602 n 3 [1983]; *cf. Brown v Muniz,* 61 AD3d 526 [2009] [majority rejects dissent's suggestion that the court take judicial notice of a novel fact, driver reaction time, that has not yet been recognized by the courts of this state]), is entitled to judicial notice without resort to expert testimony (*see generally People v Magri,* 3 NY2d 562, 566 [1958]; Prince, Richardson on Evidence § 2-204 [Farrell 11th ed]).

Contrary to the majority's suggestion that we have "blind-sided" the defendants by our reference to the speed ÷ time = distance formula, we note that the "rationale" as to the defendants' liability which the formula is used to support is specifically set forth as a contention of negligence in the plaintiff's bill of particulars, to wit: the plaintiff alleges that Francis was negligent in that he failed to "adequately slow, stop or otherwise decrease the speed of [his] motor vehicle so as to avoid the occurrence" and "failed and neglected to turn, swerve or otherwise steer [his] motor vehicle . . . so as to avoid the collision." The application of this formula is particularly relevant in the posture of this motion for summary judgment since the

defendants offered no proof to establish how far Francis was from the intersection when he first observed the plaintiff's vehicle. As will be demonstrated below, the application of this formula does not call upon facts, or a theory of liability, not found in the record (*cf. Misicki v Caradonna,* 12 NY3d 511 [2009]) but merely relies on data (time and speed) provided by Francis in his examination before trial. Under the circumstances, it is appropriate to consider the calculated distance as well as all other material and relevant facts when we consider whether Francis took sufficient measures, as a matter of law, to "adequately slow, stop or otherwise decrease the speed of [his] motor vehicle so as to avoid the occurrence." Judicial notice of the application of this well known and accepted formula in our consideration of this motion for summary judgment does not, unfairly or otherwise, preclude the defendants from challenging the plaintiff's version of the happening of the accident when the case returns to the Supreme Court for trial (*see Rosario v Morias,* 8 AD3d 108 [2004]; *cf. Brown v Muniz,* 61 AD3d 526 [2009]).

Francis did not specify the precise rate of speed that his vehicle was traveling when he first saw the plaintiff's vehicle at the intersection. Rather, he stated that his foot was on the gas, that he was traveling less than 30 miles per hour, and that "[t]hree to five seconds" passed from when he first observed the plaintiff's vehicle until the moment of impact. Using the well-established formula speed ÷ time = distance, at 30 miles per hour for five seconds, Francis had a distance of 219 feet within which to take a reasonable course of action to avoid the collision with the vehicle he observed at the intersection. Even at 25 miles per hour, Francis had a distance of 183 feet to alter the direction of his vehicle during the five seconds before impact. In this regard, we note that the cases relied upon by the majority each have substantially different time periods within which the moving party had to react to the events as they unfolded (*see Jaramillo v Torres,* 60 AD3d 734 [2009] [one second]; *DeLuca v Cerda,* 60 AD3d 721 [2009] [time undefined]; *Meliarenne v Prisco,* 9 AD3d 353 [2004] [split second]; *Le Claire v Pratt,* 270 AD2d 612, 613 [2000] [two or three seconds *"generally insufficient"* (emphasis added)]; *Lupowitz v Fogarty,* 295 AD2d 576 [2002] [two seconds]). More significantly, those cases do not excuse a driver's failure to apply brakes, remove his or her foot from the accelerator or otherwise make any effort to slow down his or her vehicle. Rather, they merely stand for the proposition that under the circumstances there presented, no material question existed as to the driver's comparative negligence in avoiding the accident.

Francis testified that upon observing the plaintiff's vehicle, he merely "tried to swerve out of the way . . . to the right" in an effort to avoid the accident. He offered no justification for his failure to brake or otherwise slow his vehicle during the "three to five" seconds that passed from the moment he first observed the plaintiff's vehicle until the moment of impact (*see Romano v 202 Corp.*, 305 AD2d 576, 577 [2003]; *King v Washburn*, 273 AD2d 725, 725 [2000]; *compare Matt v Tricil [NY], Inc.*, 260 AD2d 811, 812 [1999]).

Francis's testimony offered in support of the defendants' motion for summary judgment failed to satisfy the defendants' burden of establishing, as a matter of law, that Francis exercised reasonable care to avoid the collision upon observing the plaintiff's vehicle in the intersection (*see Lopez v Reyes-Flores*, 52 AD3d at 786; *Burghardt v Cmaylo*, 40 AD3d at 569; *Campbell-Lopez v Cruz*, 31 AD3d at 476; *Scibelli v Hopchick*, 27 AD3d at 720; *Cox v Nunez*, 23 AD3d at 427; *Hernandez v Bestway Beer & Soda Distrib.*, 301 AD2d at 381).

Moreover, the evidence submitted by the defendants in support of their motion for summary judgment also left other gaps in the proof. They failed to establish the speed or location of the plaintiff's vehicle when Francis first observed it. The defendants did not prove that the plaintiff's vehicle was stopped at the intersection, proceeding through the intersection, or at some other location when Francis first observed it. Absent proof as to the distance of Francis's vehicle from the intersection when he first observed the plaintiff's vehicle, the location of the plaintiff's vehicle when Francis first observed it, and more specific proof as to the speed of the vehicles, "a triable issue of fact exists as to whether the [defendants' vehicle] was so close to the intersection . . . as to constitute an immediate hazard" such that plaintiff should not have proceeded into the intersection from a full stop (*Calemine v Hobler*, 263 AD2d 495, 495-496 [1999]; *see King v Washburn*, 273 AD2d at 725). The majority suggests "Francis's response time should not be measured from the moment he observed the plaintiff's vehicle." In doing so, the majority ignores the fact that Francis offered no other time period for us to consider in our analysis of the circumstances surrounding the happening of the accident. It is not the Court's responsibility to fill those gaps. Surely, if Francis had observed the plaintiff's vehicle moving through the intersection five seconds before impact, the assessment of his culpability would be different from the situation where the plaintiff still had been at a full stop, in which instance Francis would be entitled to assume that the plaintiff would obey the traffic regulations (*com-*

*pare Matthews v Smallridge,* 59 AD3d 1077 [2009]; *Fleming v Graham,* 34 AD3d at 526; *Koenig v Lee,* 53 AD3d 567 [2008]; *Matt v Tricil [NY], Inc.,* 260 AD2d at 812).

Conspicuously absent from their motion for summary judgment, as well as their brief on appeal, is any reference by the defendants to Francis's direction of travel. Indeed, Francis never specifically testified as to his direction of travel at the moment of impact. However, relying on his testimony that the plaintiff was proceeding south and that the point of impact was on the "driver's side and the front panel" of his vehicle, it appears that Francis was proceeding east. Swerving his vehicle to the right or east only served to move his vehicle in a vector that would intersect with the vector representing the plaintiff's direction of travel. Had Francis swerved to the left or west, the vector representing his vehicle's direction of travel would have taken his vehicle behind the plaintiff's vehicle. Francis offered no explanation, such as that there was an oncoming car preventing him from doing so, for not moving his vehicle to the left. In support of the motion for summary judgment, the defendants offered no evidence to justify, as a matter of law, Francis's failure to take some other evasive action (*see King v Washburn,* 273 AD2d at 726).

Moreover, the parties' conflicting testimony on other material and ancillary issues of fact demonstrates the presence of questions concerning their respective credibility that may impact the determination of the trier of fact. The parties' respective testimony as to the point of impact is in dispute. The plaintiff testified that her vehicle had passed the double yellow line when her vehicle was struck by the defendants' vehicle. On the other hand, Francis contended that his vehicle was struck by the plaintiff's vehicle. Francis testified that 159th Street is a one-way street, whereas the plaintiff testified that 159th Street is a two-way street. The plaintiff's testimony that there were no vehicles approaching the intersection before she left a full stop, conflicts with Francis's testimony that there was a vehicle in front of his vehicle as he proceeded on Linden Boulevard. In addition, their respective recollections of the weather conditions were in conflict. The plaintiff testified that the weather was "sunny, clear," while Francis testified that it was "overcast" and "just started to drizzle." These discrepancies, together with the absence of proof as to time, distance, and specific speed, demonstrate that there are material issues of fact as to the traffic conditions, the configuration and condition of the roadway, the point of impact, and the circumstances surrounding the happening of the accident.

The resolution of these disputed facts may be considered by a jury in assessing each parties' ability to correctly and truthfully observe, recall, and relate the circumstances surrounding the happening of this accident. Such credibility determinations should not be resolved on a motion for summary judgment (*see Kolivas v Kirchoff,* 14 AD3d 493 [2005]; *see generally S.J. Capelin Assoc. v Globe Mfg. Corp.,* 34 NY2d 338, 341 [1974]).

Therefore, I respectfully dissent and vote to affirm.