■ JUAN MENDEZ, Appellant, v RICHARD MENDEZ, Respondent. [886 NYS2d 607]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Mayer, J.), dated October 20, 2008, as denied that branch of his motion which was for summary judgment on the issue of liability on the cause of action sounding in common-law negligence.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly was injured when he fell from an extension ladder while painting a wall inside a house owned by the defendant. The plaintiff commenced this action against the defendant, who, at the time of the accident, had been holding the base of the ladder. The Supreme Court, inter alia, denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action sounding in common-law negligence.

Contrary to the plaintiff's contention, the defendant's deposition testimony that the ladder slipped when the defendant, who had been holding the ladder with both hands, let go with one hand to adjust a floor covering, did not establish that his conduct was the sole proximate cause of the accident as a matter of law (*see Burghardt v Cmaylo*, 40 AD3d 568 [2007]). Moreover, the plaintiff, a professional painter who supplied, selected, and placed the ladder on which he was standing, failed to establish his freedom from comparative negligence (*see Lopez v Reyes-Flores*, 52 AD3d 785 [2008]; *Campbell-Lopez v Cruz*, 31 AD3d 475 [2006]; *Scibelli v Hopchick*, 27 AD3d 720 [2006]; *Cox v Nunez*, 23 AD3d 427 [2005]). Thus, the plaintiff failed to meet his burden of tendering evidence sufficient to demonstrate the absence of any material issues of fact (*see Smalls v AJI Indus., Inc.*, 10 NY3d 733, 735 [2008]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Napolitano v Suffolk County Dept. of Pub. Works*, 65 AD3d 676 [2009]). Prudenti, P.J., Miller, Chambers and Roman, JJ., concur.