In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Grays, J.), dated June 17, 2011, which granted the defendant’s motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
On or about April 29, 2007, the plaintiff and the defendant were involved in a motor vehicle accident at the intersection of Avenue V and West 11th Street in Brooklyn. It is undisputed that, at the subject intersection, the plaintiffs route of travel on West 11th Street was governed by a stop sign, and that the defendant did not have any traffic control device governing her travel on Avenue V It is also undisputed that the accident occurred in the middle of the intersection, and that the front of the plaintiffs vehicle struck the center or rear of the passenger side of the defendant’s vehicle. The plaintiff commenced this action to recover damages for personal injuries, and, after joining issue, the defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the defendant’s motion. The plaintiff appeals, and we affirm.
The defendant established her prima facie entitlement to judgment as a matter of law by establishing that the plaintiffs vehicle proceeded into the intersection controlled by a stop sign without yielding the right-of-way to the defendant’s approaching vehicle in violation of Vehicle and Traffic Law § 1142 (a). The evidence submitted by the defendant in support of her motion established, prima facie, that the plaintiff failed to properly observe and yield to cross traffic before proceeding into the intersection (see Mohammad v Ning, 72 AD3d 913, 914 [2010]; Exime v Williams, 45 AD3d 633, 634 [2007]; Hull v Spagnoli, 44 AD3d 1007, 1007 [2007]; Gergis v Miccio, 39 AD3d 468, 468-469 [2007]; Bongiovi v Hoffman, 18 AD3d 686, 687 [2005]), and that this was the sole proximate cause of the accident.
In opposition to the defendant’s prima facie showing, the plaintiff failed to raise a triable issue of fact. In her affidavit in opposition, the plaintiff stated that, contrary to the defendant’s *548 claim that she failed to stop her vehicle at the stop sign, she stopped her vehicle at the stop sign for approximately four to five seconds before proceeding into the intersection. “However, ‘[a] driver who fails to yield the right-of-way after stopping at a stop sign controlling traffic is in violation of Vehicle and Traffic Law § 1142 (a) and is negligent as a matter of law’ ” (Mohammad v Ning, 72 AD3d at 914-915, quoting Gergis v Miccio, 39 AD3d at 468; see Exime v Williams, 45 AD3d at 633; Marcel v Chief Energy Corp., 38 AD3d 502, 503 [2007]). Thus, the question of whether the plaintiff stopped her vehicle at the stop sign is not dispositive, since the evidence established that she failed to yield the right-of-way even if she did stop (see Mohammad v Ning, 72 AD3d at 915; Exime v Williams, 45 AD3d at 634; McCain v Larosa, 41 AD3d 792, 793 [2007]; Morgan v Hachmann, 9 AD3d 400, 400 [2004]).
The plaintiff also stated in her affidavit that, while her vehicle remained stopped at the stop sign, she did not observe any traffic approaching the intersection on Avenue V from either direction, and that, as she entered the intersection, she again looked to her left, and again did not see any oncoming vehicles. She stated that, when she was in the middle of the intersection, “suddenly and without warning, [she] felt a heavy impact to the front of [her] vehicle.” This statement did not raise a triable issue of fact, since “[a] driver is negligent where an accident occurs because he or she fails to ‘see that which through proper use of [his or her] senses [he or she] should have seen’ ” (Mohammad v Ning, 72 AD3d at 915, quoting Bongiovi v Hoffman, 18 AD3d at 687 [internal quotation marks omitted]; see Gergis v Miccio, 39 AD3d at 468), “and the defendant driver who had the right of way was entitled to anticipate that the injured plaintiff would obey the traffic law requiring her to yield” (Hull v Spagnoli, 44 AD3d 1007, 1007 [2007]; see Mohammad v Ning, 72 AD3d at 914; McCain v Larosa, 41 AD3d 792, 793 [2007]; Gergis v Miccio, 39 AD3d at 468).
Additionally, the plaintiff failed to raise a triable issue of fact in opposition to the defendant’s motion through the submission of a nonparty eyewitness statement.
Accordingly, the Supreme Court properly granted the defendant’s motion for summary judgment dismissing the complaint. Angiolillo, J.P., Dickerson, Belen and Chambers, JJ., concur.