In an action to recover damages for personal injuries, the defendants 78-22 Jewett Avenue Enterprises, LLC, and V&V Plus, LLC, appeal from an order of the Supreme Court, Richmond County (McMahon, J.), dated September 28, 2010, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
Ordered that the order is reversed, on the law, with costs, and *929 the motion of the defendants 78-22 Jewett Avenue Enterprises, LLC, and V&V Plus, LLC, for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted.
At approximately 7:30 p.m. on April 10, 2008, the infant plaintiff, then six years old, was walking with his three siblings along a sidewalk on Jewett Avenue in Staten Island. The infant plaintiff and his siblings attempted to cross the street in the vicinity of 78 Jewett Avenue where a construction fence had been erected on the sidewalk and which blocked further pedestrian traffic. As they were crossing, the infant plaintiff allegedly was injured when he was struck by a vehicle operated by the defendant Tiffany C. Palmer. The defendant 78-22 Jewett Avenue Enterprises, LLC (hereinafter 78-22), owned the property located at 78 Jewett Avenue, and at the time of the accident, was engaged in a construction project at that site for which it received all necessary permits. The defendant V&V Plus, LLC (hereinafter V&V), was the general contractor on the project. V&V and 78-22 (hereinafter together the appellants) moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The Supreme Court denied the motion.
The appellants established their prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that, under the circumstances of this case, the presence of the construction fence on the sidewalk was not a proximate cause of the accident. Contrary to the plaintiffs’ contentions, the presence of the construction fence merely furnished the condition or occasion for the accident (see Iqbal v Thai, 83 AD3d 897 [2011]). The plaintiffs failed to raise a triable issue of fact in this regard.
The plaintiffs’ remaining contentions either are without merit or have been rendered academic by our determination. Dillon, J.P., Belen, Sgroi and Miller, JJ., concur.