■ MARCELLA A. RANKEL et al., Respondents, v JAMES A. SAC-CARDO, Appellant. [953 NYS2d 263]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Rebolini, J.), dated December 15, 2011, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

On February 23, 2009, at the intersection of County Road 111 and Gordon Street in Brookhaven, the plaintiff Marcella A. Rankel (hereinafter the injured plaintiff) allegedly was injured when the vehicle she was operating collided with a vehicle operated by the defendant. The traffic that was proceeding in the injured plaintiff's direction was controlled by a stop sign at the intersection, while the traffic that was proceeding in the defendant's direction was not governed by any traffic control device. The injured plaintiff testified at her deposition that she stopped at the stop sign before entering the intersection, and did not see

the defendant's vehicle prior to the collision. At his deposition, the defendant testified that he first saw the injured plaintiff's vehicle less than one second before the accident, when it was already in the intersection.

The defendant established his prima facie entitlement to judgment as a matter of law by presenting uncontroverted evidence that the injured plaintiff proceeded into the intersection without yielding the right-of-way, in violation of Vehicle and Traffic Law § 1142 (a) (*see Zuleta v Quijada*, 94 AD3d 876 [2012]; *Martin v Ali*, 78 AD3d 1135 [2010]; *Thompson v Schmitt*, 74 AD3d 789 [2010]; *Yelder v Walters*, 64 AD3d 762 [2009]). In opposition, the plaintiffs failed to raise a triable issue of fact with respect to the defendant's alleged comparative fault (*see Yelder v Walters*, 64 AD3d at 762; *Jaramillo v Torres*, 60 AD3d 734, 735 [2009]; *DeLuca v Cerda*, 60 AD3d 721 [2009]; *Meliarenne v Prisco*, 9 AD3d 353, 353 [2004]; *Le Claire v Pratt*, 270 AD2d 612, 613 [2000]; *Lupowitz v Fogarty*, 295 AD2d 576 [2002]). Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Dillon, J.P., Balkin, Leventhal and Hall, JJ., concur.