■ ROBERT F. HUTTON et al., Appellants, v SALLY C. WHELAN, Respondent. [961 NYS2d 573]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Loehr, J.), entered July 13, 2011, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

This appeal arises out of an automobile accident that occurred

at an intersection in Mount Kisco, when a vehicle operated by the defendant collided with a vehicle operated by the plaintiff Robert F. Hutton (hereinafter the injured plaintiff). The front of the defendant's vehicle struck the driver's side doors of the injured plaintiff's vehicle. The traffic that was proceeding in the injured plaintiff's direction was controlled by a stop sign at the subject intersection, while the traffic that was proceeding in the defendant's direction was not controlled by any traffic device. The injured plaintiff testified at his deposition that he stopped at the stop sign before entering the intersection, and did not see the defendant's vehicle prior to the collision.

The defendant established her prima facie entitlement to judgment as matter of law by presenting evidence that the injured plaintiff proceeded into the intersection without yielding the right-of-way, in violation of Vehicle and Traffic Law § 1142 (a) (*see Jaramillo v Torres*, 60 AD3d 734, 735 [2009]). The evidence submitted by the defendant in support of her motion demonstrated, prima facie, that the injured plaintiff failed to properly observe and yield to cross traffic before proceeding into the intersection (*see Briggs v Russo*, 98 AD3d 547 [2012]; *Mohammad v Ning*, 72 AD3d 913, 914 [2010]), and that this was the sole proximate cause of the accident. In opposition, the plaintiffs failed to raise a triable issue of fact with respect to the defendant's alleged comparative fault (*see Rankel v Saccardo*, 100 AD3d 613 [2012]; *Yelder v Walters*, 64 AD3d 762 [2009]; *Le Claire v Pratt*, 270 AD2d 612, 613 [2000]). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Balkin, J.P., Chambers, Roman and Hinds-Radix, JJ., concur.