In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (McCormack, J.), entered October 1, 2012, which granted the defendant’s motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
On March 30, 2011, the plaintiff Luis J. Galvis (hereinafter the injured plaintiff) and the defendant were involved in an automobile accident that occurred at the intersection of Bacon Road and Hillside Avenue in Old Westbury. The traffic that was proceeding in the injured plaintiff’s direction on Bacon Road was controlled by a stop sign at the subject intersection, while the traffic that was proceeding in the defendant’s direction on Hillside Avenue was not controlled by any traffic device. The injured plaintiff testified at his deposition that he stopped at *601 the stop sign before entering the intersection and seeing the defendant’s vehicle, and that the defendant’s vehicle was “far far away” at that moment. The defendant testified at her deposition that she first saw the injured plaintiffs vehicle stopped at the stop sign when she was approximately 50 feet away from the intersection and that, as she approached the intersection, the injured plaintiff’s vehicle suddenly and without warning sped into the intersection. The defendant moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion.
The defendant established her prima facie entitlement to judgment as a matter of law by demonstrating that the injured plaintiff proceeded into the intersection without yielding the right of way, in violation of Vehicle and Traffic Law § 1142 (a) (see Hutton v Whelan, 104 AD3d 914 [2013]; Jaramillo v Torres, 60 AD3d 734 [2009]). The evidence submitted by the defendant in support of her motion demonstrated, prima facie, that the sole proximate cause of the accident was the injured plaintiffs failure to properly observe and yield to cross traffic before proceeding into the intersection (see Hutton v Whelan, 104 AD3d at 915; Briggs v Russo, 98 AD3d 547 [2012]; Jaramillo v Torres, 60 AD3d at 735).
In opposition, the plaintiffs failed to raise a triable issue of fact with respect to the defendant’s alleged comparative fault (see Hutton v Whelan, 104 AD3d at 915; Briggs v Russo, 98 AD3d at 547-548; Jaramillo v Torres, 60 AD3d at 735). Moreover, the plaintiffs’ contention that the defendant violated Vehicle and Traffic Law § 1140 is without merit, as this section does not apply to intersections, such as the subject intersection, that are controlled by stop signs (see Vehicle and Traffic Law § 1140 [c]; Maliza v Puerto-Rican Transp. Corp., 50 AD3d 650, 652 [2008]). Similarly, their argument that the defendant violated Vehicle and Traffic Law § 1180 (a) is speculative, as there was no evidence that the defendant was traveling “at a speed greater than [was] reasonable and prudent under the conditions” without “regard to the actual and potential hazards then existing.”
Accordingly, the Supreme Court properly granted the defendant’s motion for summary judgment dismissing the complaint. Angiolillo, J.R, Hall, Austin and Miller, JJ., concur.