Whalen, J.
(dissenting). I respectfully dissent in appeal No. 1 because this case does not involve a truly unavoidable accident for which the grant of summary judgment would be appropriate (see generally DeBrine v VanHarken, 83 AD3d 1437, 1438 [2011]). I would therefore reverse the order in appeal No. 1, deny defendants’ motion for summary judgment, and reinstate the first amended complaint.
Proximate cause is generally a question of fact for the jury (see Prystajko v Western N.Y. Pub. Broadcasting Assn., 57 AD3d 1401, 1403 [2008]), and “ ‘[i]t cannot be said as a matter of law that [one] driver’s conduct was the sole proximate cause of the accident simply because his approach into the intersection was regulated by a stop sign whereas no traffic control devices regulated [the other driver’s] approach’ ” (Nevarez v S.R.M. Mgt. Corp., 58 AD3d 295, 297 [2008]).
Supreme Court relied upon Rogers v Edelman (79 AD3d 1803, 1804 [2010]) and Galvin v Zacholl (302 AD2d 965, 966-967 [2003], lv denied 100 NY2d 512 [2003]) in granting defendants’ motion for summary judgment dismissing the first amended complaint but here, in contrast, the actions of the driver of the vehicle in which plaintiff was a passenger were not so sudden. Unlike someone preparing to make a left turn across oncoming traffic in the absence of a traffic control device, or someone pulling into an intersection to make a left turn at a green light, here, Bruce S. Barratt (defendant) should have been alerted of a potential hazard based on the fact that the SUV in which plaintiff was a passenger accelerated from the stop sign and proceeded into the intersection.
This case is factually similar to Nevarez (58 AD3d at 296-298) and Cooley v Urban (1 AD3d 900, 900-901 [2003]) in many important respects, and I see no reason why the outcome should be any different. From the stop sign on East Centerville Road, there is an eight-foot shoulder followed by the single east and *1301 westbound lanes of Route 243 and then another shoulder. There were no other cars on the road at the time of the accident. As noted by the majority, neither plaintiff nor her husband ever saw defendant’s tractor trailer, and plaintiffs husband looked both ways before gradually accelerating across the intersection. Defendant first saw the SUV when he was between one eighth to one quarter of a mile from the intersection. His tractor trailer’s “black box report” indicates that defendant’s speed was likely 64 miles per hour at that time while the speed limit on the road on which he was traveling was 55 miles per hour. Defendant watched the SUV the whole way and, when he was “a couple hundred feet” away, saw the SUV accelerate from the stop sign in a standard fashion and enter the intersection. At that point, “[a]ll [defendant] could do was apply the brakes in anticipation of [the SUV] possibly spotting [him] and stopping or keeping going.” Defendant turned to the left when he realized that a collision was unavoidable; the SUV had fully entered his lane and it appeared as though the SUV “was going to keep going and not spot [him] at all.” Defendant did not sound his horn, and his right front fender collided with the right rear quarter panel of the SUV The black box recorded that defendant applied his brakes one second before the collision; he was traveling at a speed of 58 miles per hour.
Because defendant observed that the SUV entered the intersection without appearing to notice defendant from a distance of 200 feet, and considering that the black box report contradicts defendant’s testimony that he first applied his brakes when he was 200 feet away, I conclude that there is a question of fact whether defendant used the requisite reasonable care when proceeding into the intersection and in attempting to avoid the collision (see Dorr v Farnham, 57 AD3d 1404, 1405-1406 [2008]; Cooley, 1 AD3d at 900-901; King v Washburn, 273 AD2d 725, 726 [2000]).
A difference in a matter of seconds, or perhaps less, could have prevented this accident. The SUV had almost made it across the intersection and was in the westbound lane when the collision occurred. Defendant saw the SUV accelerate from the stop sign despite his approach, yet did not take any evasive action until one second before impact. Even so, defendant impacted only the panel behind the rear wheel of the SUV Had defendant been traveling at the speed limit, braked and/or veered sooner, the collision might have been completely avoided. Considering the SUV’s location at the time of impact and standard acceleration, and defendant’s understanding that the SUV was oblivious to his approach, if defendant had sounded his *1302 horn upon noticing the SUV accelerate the accident might have been avoided. Defendant testified that he could only apply his brakes in anticipation of the SUV possibly spotting him, but a trier of fact might disagree.
Questions of fact exist as to whether defendant should have been traveling slower, braked and veered sooner, and/or sounded his horn when he first observed the SUV enter the “intersection without appearing to slow down or to look in [defendant’s] direction” (King, 273 AD2d at 726; see Deshaies v Prudential Rochester Realty, 302 AD2d 999, 1000 [2003]).
Present — Centra, J.E, Peradotto, Lindley, Sconiers and Whalen, JJ.