■ BARBARA ROSKE, Appellant, v STEPHEN CORCORAN et al., Respondents. [987 NYS2d 870]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Bruno, J.), dated October 15, 2012, as granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly slipped and fell on ice on property owned by the defendants, at which the plaintiff was a tenant. The plaintiff had pulled into the driveway of the house, parked her vehicle, and walked a distance of five or six steps to the side door of the house, which was stuck as a result of ice that had accumulated on the lower portion of the doorframe, preventing it from opening. The plaintiff then walked back to her car and removed an ice scraper, which she intended to use to open the side door. As she proceeded back to the house, she allegedly slipped and fell on the icy surface. The plaintiff commenced this action to recover damages for personal injuries, alleging, inter alia, that her fall was caused by an absence of illumination and that her side door was in a state of disrepair such that it allowed ice to accumulate around the frame of the door. The defendants moved for summary judgment dismissing the complaint. In her opposition to the defendants' motion, the plaintiff withdrew her claim alleging that the defendants had breached their obligation to remove the ice from the driveway. The Supreme Court granted the motion. We affirm.

Contrary to the plaintiff's contention, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating, prima facie, that the sole proximate cause of the accident was the ice on the ground, and not any absence of illumination in the area (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Galvis v Ravilla*, 111 AD3d 600 [2013]; *Hutton v Whelan*, 104 AD3d 914 [2013]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *see also Galvis v Ravilla*, 111 AD3d 600 [2013]; *Hutton v Whelan*, 104 AD3d 914 [2013]).

Further, under the circumstances of this case, the allegedly defective condition of the side door was not a proximate cause of the accident. Contrary to the plaintiff's contention, any such defect merely furnished the condition or occasion for the accident (*see Akinola v Palmer*, 98 AD3d 928 [2012]; *Iqbal v Thai*, 83 AD3d 897 [2011]). The plaintiff failed to raise a triable issue of fact in this regard.

The plaintiff's remaining contention is without merit. Skelos, J.P., Austin, Sgroi and LaSalle, JJ., concur.