Spratley v Lafortune (2019 NY Slip Op 07804)





Spratley v Lafortune


2019 NY Slip Op 07804


Decided on October 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JOSEPH J. MALTESE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2019-02056
 (Index No. 2840/16)

[*1]Icelyn Spratley, respondent, 
v
Dimitri Lafortune, appellant.


Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum and Marshall Sweetbaum], of counsel), for appellant.
Naimark & Tannenbaum (Kelner & Kelner, New York, NY [Joshua D. Kelner], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated January 15, 2019. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On May 23, 2013, at approximately 6:00 a.m., a vehicle operated by the plaintiff and a vehicle operated by the defendant collided in the intersection of Grand Avenue and Clifton Place in Brooklyn. At the time of the accident, the plaintiff's vehicle was traveling south on Grand Avenue, and her entrance into the intersection with Clifton Place was not governed by a stop sign. Prior to the accident, the defendant's vehicle was parked on the corner of Clifton Place, facing west, and his entrance into the intersection with Grand Avenue was governed by a stop sign. The plaintiff commenced this action against the defendant to recover damages for personal injuries, alleging that the defendant was negligent in the operation of his vehicle. The plaintiff moved, inter alia, for summary judgment on the issue of liability. The Supreme Court granted that branch of the plaintiff's motion, and the defendant appeals.
In support of her motion, the plaintiff submitted, among other things, her deposition testimony and her affidavit, as well as the defendant's deposition testimony. That evidence demonstrated that the defendant's vehicle entered the intersection without yielding the right-of-way to the plaintiff's vehicle in violation of Vehicle and Traffic Law § 1142(a) and struck the plaintiff's vehicle as it was lawfully proceeding through the intersection (see Kerolle v Nicholson, 172 AD3d 1187, 1188; Mastricova v Ruderman, 164 AD3d 1435, 1435). "A violation of the Vehicle and Traffic Law constitutes negligence as a matter of law" (Vainer v DiSalvo, 79 AD3d 1023, 1024; see Gluck v New York City Tr. Auth., 118 AD3d 667, 669). Moreover, that evidence demonstrated that the defendant did not see the plaintiff's vehicle prior to contact. The plaintiff established her prima facie entitlement to judgment as a matter of law on the issue of the defendant's negligence (see Kaziu v Human Care Servs. for Families & Children, Inc., 167 AD3d 588; McPherson v Chanzeb, 123 AD3d 1098, 1099; Hutton v Whelan, 104 AD3d 914, 915; Jaramillo v Torres, 60 AD3d 734, 735; [*2]see also Rodriguez v City of New York, 31 NY3d 312). In opposition, the defendant failed to raise a triable issue of fact.
The defendant's remaining contention is not properly before this Court.
Accordingly, we agree with the Supreme Court's determination to grant that branch of the plaintiff's motion which was for summary judgment on the issue of liability.
LEVENTHAL, J.P., MALTESE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court