■ ROBERT LATCHMAN, Appellant, v NICOLE K. PETERSON et al., Defendants, and NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [20 NYS3d 622]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Kings County (Rothenberg, J.), dated December 5, 2013, as granted that branch of the motion of the defendants New York City Transit Authority, MTA New York City Transit, Metropolitan Transit Authority, MTA Capital Construction Company, and Citywide Building Restoration, Inc., which was for summary judgment dismissing the complaint insofar as asserted against them, and (2) so much of an order of the same court dated March 20, 2014, as, upon granting that branch of his motion which was for leave to reargue his opposition to that branch of the motion of those defendants which was for summary judgment dismissing the complaint insofar as asserted against them, adhered to the prior determination.

Ordered that the appeal from the order dated December 5, 2013, is dismissed, as that order was superseded by the order dated March 20, 2014, made upon reargument; and it is further,

Ordered that the order dated March 20, 2014, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants New York City Transit Authority, MTA New York City Transit, Metropolitan Transit Authority, MTA Capital Construction Company, and Citywide Building Restoration, Inc.

The plaintiff allegedly was struck by a motor vehicle as he was crossing the street, and he commenced this action against, among others, the defendants New York City Transit Authority, MTA New York City Transit, Metropolitan Transit Authority, MTA Capital Construction Company, and Citywide Building Restoration, Inc. (hereinafter collectively the defendants). At the time of the accident, the defendants were performing construction work on the staircase of an elevated subway station which led to the southwestern corner of an intersection. At his deposition, the plaintiff testified that he generally used this staircase when he exited from this subway station. Due to the closure caused by the construction work, he used the staircase that exited on the northeast side of the intersection. The plaintiff crossed from the northeast side of the intersection to the southeast side of the intersection without incident. The plaintiff then moved from the southeast side to the southwest side of the intersection when he allegedly was struck by a vehicle traveling in a northerly direction. The defendants moved for summary judgment dismissing the complaint insofar as asserted against them, contending that they did not proximately cause the accident. The Supreme Court granted the motion. The plaintiff moved for leave to reargue his opposition to the motion, and upon reargument, the Supreme Court adhered to its prior determination.

The defendants established their prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that, under the circumstances of this case, any negligence on their part with respect to the construction work merely furnished the condition or occasion for the accident and was not a proximate cause of the accident (see generally Sheehan v City of New York, 40 NY2d 496, 502 [1976]; Batista v City of New York, 101 AD3d 773, 778 [2012]; Akinola v Palmer, 98 AD3d 928, 929 [2012]). In opposition, the plaintiff failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).

Accordingly, upon reargument, the Supreme Court properly adhered to its prior determination granting that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. Leventhal, J.P., Roman, Hinds-Radix and Duffy, JJ., concur.