Appeals from an order of the Supreme Court, Erie County (Tracey A. Bannister, J.), entered October 17, 2016. The order, insofar as appealed from, denied the motions of defendants National Fuel Gas Distribution Corp., Municipal Pipe Co., LLC, and City of Buffalo for summary judgment.
 

 It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, the motions of defendants-appellants are granted and the second amended complaint and cross claims against them are dismissed.
 

 Memorandum: Plaintiffs commenced this action seeking damages for injuries allegedly sustained by Sarah J. Gregory (plaintiff) when, as a pedestrian on a street in defendant City of Buffalo (City), she was struck by a motor vehicle operated by defendant Steven R. Cavarello. In addition to Cavarello, plaintiffs sued defendants National Fuel Gas Distribution Corp., Municipal Pipe Co., LLC, and the City (collectively, defendants-appellants) alleging that they were negligent, inter alia, in failing to provide proper and adequate temporary traffic control during construction on the City-owned street where the accident occurred. Defendants-appellants moved for summary judgment dismissing the second amended complaint and cross claims against them on the ground that none of their alleged negligent acts or omissions was a proximate cause of the accident. Plaintiffs cross-moved for partial summary judgment on the issues of negligence and serious injury and opposed the motions with, inter alia, the affidavit of an engineering expert who opined that the temporary traffic control in place at the accident location did not comply with various provisions of the Manual of Uniform Traffic Control Devices (MUTCD) and that those deviations were a proximate cause of the accident.
 

 At the time of the accident, plaintiff was attempting to cross the street in a location that was not a designated crosswalk. As she stepped into the street she observed that the opposite side of the street was cordoned off with orange cones and vertical panel delineators. As Cavarello simultaneously approached that location in his vehicle, the vehicle in front of him abruptly engaged its left turn signal and began making an abrupt left turn. Cavarello swerved to the right to avoid a rear-end collision with the vehicle in front of him. In doing so, Cavarello’s vehicle swerved into the parking lane, struck plaintiff and pinned her against a lawfully parked vehicle, which resulted in plaintiff’s significant injuries. Supreme Court granted the cross motion on the issue of serious injury and determined that the accident occurred within a “work zone or construction zone” and denied the motions of defendants-appellants. We reverse the order insofar as appealed from.
 

 We conclude that defendants-appellants met their initial burden on the motions by submitting, inter alia, the deposition transcripts of Cavarello and plaintiff, the sworn statement of Cavarello given as part of the police accident investigation, and photographs of the accident location (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Cavarello testified at his deposition that, if the vehicle in front of him had not abruptly turned left, he would have had no difficulty continuing in his lane of travel without having to use the parking lane and without striking any parked vehicles. In Cavarello’s sworn statement to the police, he stated that there were “2 buses coming” in the opposite lane of travel, and he testified at his deposition that going into the opposite lane of travel was a “guaranteed collision” and that swerving to the right toward plaintiff was “the lesser of two evils.”
 

 Even assuming, arguendo, that the accident occurred within a “work zone” under MUTCD and that defendants-appellants were negligent in the design and placement of temporary traffic control as provided for pursuant to MUTCD, as plaintiffs contend, we conclude that such negligence was not a proximate cause of the accident (see Latchman v Peterson, 134 AD3d 774, 775 [2d Dept 2015]; Stein v Pat Noto, Inc., 226 AD2d 624, 625 [2d Dept 1996]). “A showing of negligence is not enough; there must also be proof that the negligence was a proximate cause of the event that produced the harm” (Swauger v White, 1 AD3d 918, 920 [4th Dept 2003]; see Pontello v County of Onondaga, 94 AD2d 427, 430 [4th Dept 1983], lv dismissed 60 NY2d 560 [1983]). We reject plaintiffs’ contention that the temporary traffic control at the site was a proximate cause of the accident. Any negligence with respect to the construction work merely furnished the condition or occasion for plaintiff being struck by a vehicle while crossing the street and was not a proximate cause of the accident (see Latchman, 134 AD3d at 775). We also agree with defendants-appellants that the opinion of plaintiffs’ engineering expert with respect to causation was speculative (see Omer v Rodriguez, 294 AD2d 202, 202-203 [1st Dept 2002]; Long v Cleary, 273 AD2d 799, 800 [4th Dept 2000], lv denied 95 NY2d 763 [2000]), and that plaintiffs failed to raise an issue of fact to defeat their motions (see Mendrykowski v New York Tel. Co., 2 AD3d 1410, 1410 [4th Dept 2003]).
 

 In light of our determination, we do not address the remaining contentions of defendants-appellants.
 

 Present—Whalen, P.J., Smith, Centra and Carni, JJ.