■ David Williams, Appellant, v Cleon Hayes et al., Respondents. [959 NYS2d 713]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Orange County (Onofry, J.), dated May 7, 2012, as denied his motion for summary judgment on the issue of liability.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is granted.

"A driver who fails to yield the right of way after stopping at a stop sign is in violation of Vehicle and Traffic Law § 1142 (a) and is negligent as a matter of law" (*Thompson v Schmitt*, 74 AD3d 789, 789 [2010]; *see Francavilla v Doyno*, 96 AD3d 714, 715 [2012]; *Singh v Singh*, 81 AD3d 807 [2011]; *Czarnecki v Corso*, 81 AD3d 774, 775 [2011]; *Martin v Ali*, 78 AD3d 1135 [2010]; *Rahaman v Abodeledhman*, 64 AD3d 552, 553 [2009];

*Klein v Crespo*, 50 AD3d 745, 745 [2008]). "A driver is required to see that which through proper use of his or her senses he or she should have seen" (*Klein v Crespo*, 50 AD3d at 745-746; *see Gallagher v McCurty*, 85 AD3d 1109 [2011]; *Yelder v Walters*, 64 AD3d 762 [2009]; *Gergis v Miccio*, 39 AD3d 468, 468 [2007]). The driver with the right-of-way is entitled to anticipate that the other motorist will obey traffic laws which require him or her to yield (*see Francavilla v Doyno*, 96 AD3d at 715; *Gallagher v McCurty*, 85 AD3d 1109 [2011]; *Dimou v Iatauro*, 72 AD3d 732, 734 [2010]; *Yelder v Walters*, 64 AD3d at 764).

Here, the plaintiff established, prima facie, his entitlement to judgment as a matter of law by demonstrating that the defendant Cleon Hayes, who was faced with a stop sign at an intersection, negligently drove the vehicle owned by the defendant Ida Delgado into the intersection in which the plaintiff was traveling in his vehicle, without yielding the right-of-way to the plaintiff, and that this was the sole proximate cause of the accident (*see* Vehicle and Traffic Law § 1142 [a]; *Francavilla v Doyno*, 96 AD3d at 715; *Czarnecki v Corso*, 81 AD3d at 775).

In opposition, the defendants failed to raise a triable issue of fact. While Hayes contended that he fully stopped at the stop sign before proceeding into the intersection, the question of whether Hayes stopped at the stop sign is not dispositive since the evidence establishes that he failed to yield even though he did stop (*see Czarnecki v Corso*, 81 AD3d at 775; *Goemans v County of Suffolk*, 57 AD3d 478, 479 [2008]; *Maliza v Puerto-Rican Transp. Corp.*, 50 AD3d 650, 652 [2008]). Moreover, the defendants failed to contest the statements in the plaintiff's affidavit, submitted in support of his motion for summary judgment, that he was traveling at or below the speed limit and that he was too close to the intersection when Hayes entered it to avoid the accident. Instead, they simply contended that the plaintiff was comparatively at fault since the accident occurred in the middle of the intersection and the plaintiff's vehicle came into contact with the vehicle operated by Hayes. That contention, in response to the plaintiff's prima facie showing that the defendant failed to yield the right-of-way, was speculative and, therefore, failed to raise a triable issue of fact with respect to whether the plaintiff was comparatively at fault (*see Francavilla v Doyno*, 96 AD3d at 715; *Czarnecki v Corso*, 81 AD3d at 775).

Accordingly, the Supreme Court improperly denied the plaintiff's motion for summary judgment on the issue of liability. Balkin, J.P., Hall, Austin and Cohen, JJ., concur.