■ TACELIA A. BENNETT, Appellant, v RALPH F. GRANATA et al., Respondents, et al., Defendant. [987 NYS2d 424]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Saitta, J.), entered May 13, 2013, as denied her motion for summary judgment on the issue of liability against the defendants Ralph F. Granata and Mouse Action Towing Service, Inc.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability against the defendants Ralph F. Granata and Mouse Action Towing Service, Inc., is granted.

The plaintiff was operating her vehicle eastbound on Glenwood Road in Brooklyn and entered its intersection with East 52nd Street, where her vehicle came into contact with a tow truck owned and operated by the defendants Mouse Action Towing Service, Inc., and Ralph F. Granata (hereinafter together the towing defendants), respectively, which was traveling northbound on East 52nd Street. The plaintiff's vehicle then struck a third vehicle owned and operated by defendant Maksim Zelenskiy. It is undisputed that traffic traveling east and west on Glenwood Road was not controlled by any traffic control devices at its intersection with East 52nd Street on the date of the accident, while traffic traveling north and south on East 52nd Street at its intersection with Glenwood Road was controlled by a stop sign.

The plaintiff commenced this action to recover damages for personal injuries, alleging negligence. The plaintiff moved for summary judgment on the issue of liability against the towing defendants. In an order entered May 13, 2013, the Supreme Court, inter alia, denied the plaintiff's motion, finding that there were triable issues of fact as to the plaintiff's comparative fault.

The operator of a vehicle with the right-of-way is entitled to assume that the opposing driver will obey the traffic laws requiring him or her to yield (*see Regans v Baratta*, 106 AD3d 893 [2013]; *Ahern v Lanaia*, 85 AD3d 696 [2011]; *Mohammad v Ning*, 72 AD3d 913, 914 [2010]; *Loch v Garber*, 69 AD3d 814,

816 [2010]). However, a driver who has the right-of-way has a duty to exercise reasonable care to avoid a collision with another vehicle already in the intersection, including keeping a proper lookout and to see what can be seen through the proper use of his or her senses (*see Regans v Baratta*, 106 AD3d at 893; *see also Todd v Godek*, 71 AD3d 872, 872 [2010]). "Although a driver with a right-of-way also has a duty to use reasonable care to avoid a collision, . . . a driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively negligent for failing to avoid the collision" (*Yelder v Walters*, 64 AD3d 762, 764 [2009] [citation omitted]; *see Ducie v Ippolito*, 95 AD3d 1067 [2012]; *Socci v Levy*, 90 AD3d 1020, 1021 [2011]; *Vainer v DiSalvo*, 79 AD3d 1023, 1024 [2010]).

Here, the plaintiff established her prima facie entitlement to judgment as matter of law on the issue of liability against the towing defendants by submitting evidence that their vehicle proceeded into the intersection without yielding the right-of-way to the plaintiff, in violation of Vehicle and Traffic Law § 1142 (a). Thus, the plaintiff demonstrated, prima facie, that the towing defendants failed to properly observe and yield to cross traffic coming from the plaintiff's direction of travel on Glenwood Road before proceeding into the intersection from East 52nd Street, and that this was the sole proximate cause of the accident (*see Timm v Barilli*, 109 AD3d 655 [2013]; *Hutton v Whelan*, 104 AD3d 914 [2013]; *Williams v Hayes*, 103 AD3d 713 [2013]; *Briggs v Russo*, 98 AD3d 547 [2012]). In opposition, the towing defendants failed to raise a triable issue of fact with respect to their negligence and the plaintiff's alleged comparative fault.

Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of the towing defendants' liability.

The towing defendants' remaining contention is without merit. Balkin, J.P., Dickerson, Chambers and Hall, JJ., concur.