■ Ronald Luke, Respondent, v Elanda McFadden, Defendant, and Stephen Small-Warner, Appellant. [987 NYS2d 909]—

In an action to recover damages for personal injuries, the defendant Stephen Small-Warner appeals from an order of the Supreme Court, Kings County (Rothenberg, J.), dated September 12, 2013, which denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Stephen Small-Warner for summary judgment dismissing the complaint insofar as asserted against him is granted.

A driver who fails to yield the right-of-way after stopping at a stop sign controlling traffic is in violation of Vehicle and Traffic Law §§ 1142 (a) and 1172 (a), and is negligent as a matter of law (*see Francavilla v Doyno*, 96 AD3d 714, 715 [2012]; *Zuleta v Quijada*, 94 AD3d 876, 877 [2012]; *Singh v Singh*, 81 AD3d 807, 808 [2011]; *Goemans v County of Suffolk*, 57 AD3d 478, 479 [2008]; *Rossani v Rana*, 8 AD3d 548, 549 [2004]). Moreover, the driver with the right of way is entitled to anticipate that the driver subject to the traffic control device would obey the traffic law (*see Gallagher v McCurty*, 85 AD3d 1109, 1110 [2011]; *Pollack v Margolin*, 84 AD3d 1341, 1342 [2011]; *Martin v Ali*, 78 AD3d 1135, 1136 [2010]). A driver traveling with the right of way may be entitled to summary judgment if he can demonstrate that the driver subject to the traffic control device proceeded through the intersection and failed to yield the right of way (*see Figueroa v Diaz*, 107 AD3d 754, 755 [2013]; *Barbato v Maloney*, 94 AD3d 1028, 1029 [2012]).

However, there can be more than one proximate cause of an accident (*see Rodriguez v Klein*, 116 AD3d 939 [2014]; *Incle v Byrne-Lowell*, 115 AD3d 709 [2014]; *Cox v Nunez*, 23 AD3d 427, 427 [2005]). Evidence that one driver "ran" a stop sign does not preclude a finding that comparative negligence on the part of the other driver contributed to the accident (*see Incle v Byrne-Lowell*, 115 AD3d at 709; *Cox v Nunez*, 23 AD3d at 427). Therefore, " 'a driver who lawfully enters an intersection . . . may still be found partially at fault for an accident if he or she fails to use reasonable care to avoid a collision with another vehicle in the intersection' " (*Sirot v Troiano*, 66 AD3d 763, 764 [2009], quoting *Siegel v Sweeney*, 266 AD2d 200, 202 [1999]; *see Antaki v Mateo*, 100 AD3d 579, 580 [2012]; *Amalfitano v Rocco*, 100 AD3d 939, 940 [2012]; *Exime v Williams*, 45 AD3d 633, 633

[2007]). "A driver is required to see that which through proper use of his or her senses he or she should have seen" (*Williams v Hayes*, 103 AD3d 713, 714 [2013] [internal quotation marks omitted]; *Klein v Crespo*, 50 AD3d 745, 745 [2008]).

Here, in support of his motion for summary judgment dismissing the complaint insofar as asserted against him, the defendant Stephen Small-Warner made a prima facie showing that he had the right of way and was entitled to anticipate that the defendant Elanda McFadden would obey the traffic laws. The fact that McFadden failed to stop demonstrated that she violated Vehicle and Traffic Law §§ 1142 (a) and 1172 (a), which constituted negligence as a matter of law (*see Francavilla v Doyno*, 96 AD3d 714, 715 [2012]; *Gallagher v McCurty*, 85 AD3d at 1110; *Pollack v Margolin*, 84 AD3d at 1342; *Martin v Ali*, 78 AD3d at 1136). The plaintiff, who was a passenger in the vehicle driven by Small-Warner, failed to raise a triable issue of fact as to any alleged comparative fault on said defendant's part. Small-Warner's deposition testimony that he did not see the McFadden vehicle until he was hit was insufficient to raise a triable issue of fact (*see Adobea v Junel*, 114 AD3d 818, 820 [2014]; *Soto-Bay v Prunty*, 115 AD3d 586, 587 [2014]; *Figueroa v Diaz*, 107 AD3d at 755).

Accordingly, the Supreme Court should have granted Small-Warner's motion for summary judgment dismissing the complaint insofar as asserted against him. Skelos, J.P., Dillon, Maltese and Barros, JJ., concur.