■ Jose Ernesto Hatton, Respondent, v Loreanny Lara et al., Respondents, and Mariano Faulisi, Appellant. [37 NYS3d 604]—

In an action to recover damages for personal injuries, the defendant Mariano Faulisi appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Silber, J.), dated July 9, 2015, as granted the plaintiff's motion for summary judgment on the issue of liability insofar as

asserted against him, and granted the cross motion of the defendants Loreanny Lara and Jonathan Lara for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the appeal by the defendant Mariano Faulisi from so much of the order as granted that branch of the cross motion of the defendants Loreanny Lara and Jonathan Lara for summary judgment dismissing the complaint insofar as asserted against them is dismissed, as he is not aggrieved by that portion of the order (see CPLR 5511; *Mixon v TBV, Inc.*, 76 AD3d 144 [2010]); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

On April 19, 2013, the plaintiff was a passenger in a vehicle operated by the defendant Jonathan Lara and owned by the defendant Loreanny Lara (hereinafter together the Lara defendants) which collided with a vehicle owned and operated by the defendant Mariano Faulisi at the intersection of 109th Avenue and 96th Street in Queens. At the time of the accident, the Lara vehicle was traveling in the eastbound lane of 109th Avenue, which was not governed by any traffic control device at its intersection with 96th Street. The Faulisi vehicle was traveling northbound on 96th Street, which was governed by a stop sign at its intersection with 109th Avenue.

The plaintiff commenced this action to recover damages for the personal injuries he allegedly sustained. The plaintiff moved for summary judgment on the issue of liability insofar as asserted against Faulisi. The Lara defendants cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The Supreme Court granted the motion and the cross motion. Faulisi appeals.

The plaintiff established, prima facie, his entitlement to judgment as a matter of law on the issue of liability by demonstrating that Faulisi negligently drove his vehicle into the intersection without yielding the right-of-way and that this was the sole proximate cause of the accident (see Vehicle and Traffic Law § 1142 [a]; *McPherson v Chanzeb*, 123 AD3d 1098, 1099 [2014]; *Williams v Hayes*, 103 AD3d 713, 713-714 [2013]; *Briggs v Russo*, 98 AD3d 547, 548 [2012]). In opposition, Faulisi failed to raise a triable issue of fact. The question of whether Faulisi stopped at the stop sign is not dispositive, since the evidence established that he failed to yield even if he did stop (see *Lilaj v Ferentinos*, 126 AD3d 947, 948 [2015]; *Williams v Hayes*, 103

AD3d at 713-714; *Amalfitano v Rocco*, 100 AD3d 939, 940 [2012]; *Czarnecki v Corso*, 81 AD3d 774, 775 [2011]). As the driver with the right-of-way, Jonathan Lara was entitled to anticipate that Faulisi would yield the right-of-way, and Faulisi's speculative assertions in opposition to the motion were insufficient to raise a triable issue of fact (*see Briggs v Russo*, 98 AD3d at 548; *Martin v Ali*, 78 AD3d 1135, 1136 [2010]; *Yelder v Walters*, 64 AD3d 762, 764 [2009]; *DeLuca v Cerda*, 60 AD3d 721, 722 [2009]).

The Supreme Court also properly granted that branch of the Lara defendants' cross motion which was for summary judgment dismissing the cross claims asserted against them. They established, prima facie, that Faulisi's negligence was the sole proximate cause of the accident (*see* Vehicle and Traffic Law § 1142 [a]; *McPherson v Chanzeb*, 123 AD3d at 1099; *Williams v Hayes*, 103 AD3d at 713-714; *Briggs v Russo*, 98 AD3d at 548). In opposition, Faulisi failed to raise a triable issue of fact. Leventhal, J.P., Hall, Austin and Barros, JJ., concur.