■ TRACY L. PIVETZ, Appellant, v FRANCESCO BRUSCO, Respondent. [43 NYS3d 457]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Baynes, J.), dated October 29, 2015, which denied her motion for summary judgment on the issue of liability and dismissing the defendant's affirmative defenses alleging comparative negligence.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendant's affirmative defenses alleging comparative negligence is granted.

On January 26, 2014, a vehicle operated by the plaintiff col-

lided with a vehicle operated by the defendant at the intersection of Bath Avenue and Bay 7th Street in Brooklyn. The plaintiff's vehicle was traveling on Bath Avenue, which was not governed by any traffic control devices at this intersection, and the defendant was traveling on Bay 7th Street, which was governed by a stop sign. The plaintiff allegedly sustained personal injuries as a result of the collision and commenced this action against the defendant. The plaintiff moved for summary judgment on the issue of liability and dismissing the defendant's affirmative defenses alleging comparative negligence, arguing that the defendant's failure to yield the right-of-way was the sole proximate cause of the accident. The Supreme Court denied the motion. The plaintiff appeals, and we reverse.

A driver who has the right-of-way is entitled to anticipate that other drivers will obey traffic laws that require them to yield (*see* Vehicle and Traffic Law § 1141; *Mu-Jin Chen v Cardenia*, 138 AD3d 1126, 1127 [2016]; *Smith v Omanes*, 123 AD3d 691 [2014]; *Williams v Hayes*, 103 AD3d 713, 714 [2013]). Moreover, a driver is negligent where he or she has failed to see that which through proper use of his or her senses he or she should have seen (*see Rodriguez v Klein*, 116 AD3d 939, 939 [2014]; *Laino v Lucchese*, 35 AD3d 672 [2006]). A plaintiff in a personal injury action who moves for summary judgment on the issue of liability has the burden of establishing, prima facie, both that the defendant was negligent and that he or she was free from comparative fault (*see Richards v Burch*, 132 AD3d 752, 753 [2015]; *Kaur v Demata*, 123 AD3d 772, 773 [2014]; *Luke v McFadden*, 119 AD3d 533 [2014]).

Here, the evidence submitted by the plaintiff in support of her motion, including her deposition testimony, photographs of the damage to the vehicles, and a copy of the police accident report containing the defendant's admission that his vehicle was inching forward when it collided with the plaintiff's vehicle, was sufficient to establish, prima facie, that the defendant's negligence in failing to yield the right-of-way was the sole proximate cause of the accident (*see* Vehicle and Traffic Law § 1142 [a]; *Lilaj v Ferentinos*, 126 AD3d 947, 948 [2015]; *Crowe v Hanley*, 123 AD3d 755, 757 [2014]; *Luke v McFadden*, 119 AD3d at 534; *Hutton v Whelan*, 104 AD3d 914, 915 [2013]; *Williams v Hayes*, 103 AD3d at 714). Contrary to the defendant's contention, the portion of the uncertified police accident report that contained his admission was admissible (*see Gezelter v Pecora*, 129 AD3d 1021, 1022-1023 [2015]; *Jackson v Trust*, 103 AD3d 851, 852 [2013]; *Scott v Kass*, 48 AD3d 785 [2008]).

In opposition, the defendant failed to raise a triable issue of fact as to his negligence or whether the plaintiff was comparatively at fault in the happening of the accident (*see generally Hutton v Whelan*, 104 AD3d at 915). The defendant relied upon his own deposition testimony that, at the time of the accident, his vehicle was stopped in the intersection rather than inching forward, as he told the police officer who filled out the accident report. However, the defendant admitted that he did not see the plaintiff's vehicle prior to the collision, and his assertions that the plaintiff may have been speeding or negligent in failing to take evasive action were speculative (*see Lilaj v Ferentinos*, 126 AD3d at 948).

Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendant's affirmative defenses alleging comparative negligence. Dillon, J.P., Dickerson, Hinds-Radix and Maltese, JJ., concur.