■ Hugo Fuertes, Appellant, v City of New York et al., Respondents. [45 NYS3d 562]—

In an action to recover damages for personal injuries, the

plaintiff appeals from an order of the Supreme Court, Queens County (Flug, J.), entered November 20, 2015, which denied his motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is granted.

On November 16, 2013, the plaintiff was driving his vehicle westbound on 109th Avenue in Queens when a sanitation truck traveling on 205th Street, driven by the defendant Darrell J. Lindo and owned by the defendant City of New York, collided with the plaintiff's vehicle at the intersection of 109th Avenue. At that intersection, traffic on 109th Avenue was not directed by any traffic control devices, but traffic on 205th Street was controlled by a stop sign.

The plaintiff commenced this action to recover damages for personal injuries. The plaintiff moved for summary judgment on the issue of liability, contending that Lindo's negligence was the sole proximate cause of the collision. The Supreme Court denied the motion. We reverse.

A driver who fails to yield the right-of-way after stopping at a stop sign controlling traffic is in violation of Vehicle and Traffic Law § 1142 (a) and is negligent as a matter of law (*see Crowe v Hanley*, 123 AD3d 755 [2014]; *Luke v McFadden*, 119 AD3d 533 [2014]; *Francavilla v Doyno*, 96 AD3d 714, 715 [2012]). Further, the question of whether the driver stopped at the stop sign is not dispositive where the evidence establishes that the driver failed to yield after initially stopping (*see Hatton v Lara*, 142 AD3d 1047, 1048 [2016]; *Lilaj v Ferentinos*, 126 AD3d 947 [2015]; *Williams v Hayes*, 103 AD3d 713, 714 [2013]).

A driver with the right-of-way is entitled to anticipate that a motorist will obey traffic laws which require him or her to yield (*see Luke v McFadden*, 119 AD3d at 533; *Francavilla v Doyno*, 96 AD3d at 715; *Zuleta v Quijada*, 94 AD3d 876, 877 [2012]). When a driver with the right-of-way has only seconds to react to a vehicle which has failed to yield, the driver with the right-of-way is not comparatively at fault for failing to avoid the accident (*see Smith v Omanes*, 123 AD3d 691 [2014]; *Bennett v Granata*, 118 AD3d 652 [2014]; *Yelder v Walters*, 64 AD3d 762, 764 [2009]).

Here, the plaintiff established his prima facie entitlement to judgment as a matter of law by demonstrating that Lindo, who was faced with a stop sign at the intersection, negligently drove the sanitation truck into the intersection without yielding the right-of-way to the plaintiff, and that this was the sole proximate cause of the accident (*see* Vehicle and Traffic Law

§ 1142 [a]; *Williams v Hayes*, 103 AD3d at 714; *Francavilla v Doyno*, 96 AD3d at 715; *Czarnecki v Corso*, 81 AD3d 774, 775 [2011]).

In opposition, the defendants failed to raise a triable issue of fact. The question of whether Lindo stopped at the stop sign is not dispositive, since the evidence established that he failed to yield even if he did stop (*see Hatton v Lara*, 142 AD3d at 1048; *Lilaj v Ferentinos*, 126 AD3d at 948; *Williams v Hayes*, 103 AD3d at 714). Moreover, the defendants failed to contest the plaintiff's deposition testimony that he was already in the intersection when he saw the sanitation truck one second prior to the impact, and therefore could not have avoided the accident (*see Smith v Omanes*, 123 AD3d at 691; *Bennett v Granata*, 118 AD3d at 653).

Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability. Balkin, J.P., Leventhal, Roman and LaSalle, JJ., concur.