Piazza v Cline (2018 NY Slip Op 03717)





Piazza v Cline


2018 NY Slip Op 03717


Decided on May 23, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2017-01641
 (Index No. 101917/14)

[*1]Elizabeth Piazza, et al., appellants, 
v
Gary R. Cline, respondent.


Jonathan D'Agostino, Staten Island, NY (Glen Devora of counsel), for appellants.
Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Marshall D. Sweetbaum and Jackie Gross], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Richmond County (Charles M. Troia, J.), dated November 18, 2016. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
On the morning of October 30, 2013, a mini school bus on which the injured plaintiff, a school bus matron, was a passenger, collided with the defendant's vehicle at the intersection of Preston Avenue and Oakdale Street in Richmond County. The school bus was traveling southbound on Preston Avenue, which was governed by a stop sign at its intersection with Oakdale Street. The defendant's vehicle was traveling westbound on Oakdale Street, which was not governed by any traffic control device at its intersection with Preston Avenue. The injured plaintiff, and her husband suing derivatively, commenced this action against the defendant. The defendant moved for summary judgment dismissing the complaint, contending that the bus driver's failure to yield the right-of-way was the sole proximate cause of the accident. The Supreme Court granted the motion, and the plaintiffs appeal.
The defendant established his prima facie entitlement to judgment as a matter of law by demonstrating that the bus driver was negligent in failing to yield the right-of-way, and that the defendant was not at fault in the happening of the accident (see Fuertes v City of New York, 146 AD3d 936, 937; Wolf v Cruickshank, 144 AD3d 1144, 1145; Nohs v DiRaimondo, 140 AD3d 1132, 1134; Luke v McFadden, 119 AD3d 533, 534). However, in opposition, the plaintiffs submitted a copy of the injured plaintiff's deposition transcript, which raised triable issues of fact as to, among other things, whether the defendant was at fault in the happening of the accident (see Anastasi v Terio, 84 AD3d 992; Wilson v Rosedom, 82 AD3d 970; Virzi v Fraser, 51 AD3d 784).
Accordingly, we disagree with the Supreme Court's determination granting the defendant's motion for summary judgment dismissing the complaint.
CHAMBERS, J.P., HINDS-RADIX, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court