Kraynova v Lowy (2018 NY Slip Op 07420)





Kraynova v Lowy


2018 NY Slip Op 07420


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
ANGELA G. IANNACCI, JJ.


2017-07482
 (Index No. 509904/16)

[*1]Valentina Kraynova, plaintiff-respondent,
v
Shlome Z. Lowy, et al., appellants, Yana . Laderman, et al., defendants-respondents.


Russo & Tambasco, Melville, NY (Susan J. Mitola of counsel), for appellants.
Banilov & Associates, P.C., Brooklyn, NY (Harlan Wittenstein of counsel), for plaintiff-respondent.
Morris Duffy Alonso & Faley, New York, NY (Iryna S. Krauchanka and Andrea M. Alonso of counsel), for defendants-respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Shlome Z. Lowy and Simie T. Kahan appeal from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated June 19, 2017. The order granted the motion of the defendants Yana V. Laderman and Aleksandr Kroytor for summary judgment dismissing the complaint and all cross claims insofar as asserted against them and granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the defendants Shlome Z. Lowy and Simie T. Kahan.
ORDERED that the appeal from so much of the order as granted that branch of the motion of the defendants Yana V. Laderman and Aleksandr Kroytor which was for summary judgment dismissing the complaint insofar as asserted against them is dismissed, as the defendants Shlome Z. Lowy and Simie T. Kahan are not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the respondents appearing separately and filing separate briefs, payable by the defendants Shlome Z. Lowy and Simie T. Kahan.
On February 1, 2016, at approximately 8:50 p.m., an accident occurred involving two vehicles at the intersection of Avenue L and East 27th Street in Brooklyn. Prior to the accident, a vehicle owned by the defendant Yana V. Laderman and operated by the defendant Aleksandr Kroytor (hereinafter together the Kroytor defendants) was traveling east on Avenue L, which was a two-way street with one lane of traffic in each direction. A vehicle owned by the defendant Shlome Z. Lowy and operated by the defendant Simie T. Kahan (hereinafter together the Kahan defendants) was traveling north on East 27th Street, which was a one-way street. There was no traffic control device governing Avenue L at its intersection with East 27th Street. There was a stop sign governing East [*2]27th Street at its intersection with Avenue L. The plaintiff, a passenger in the Kroytor defendants' vehicle, allegedly sustained personal injuries as a result of the collision between the two vehicles, and she thereafter commenced this personal injury action against the defendants. The Kroytor defendants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, contending that Kahan's failure to yield the right-of-way was the sole proximate cause of the accident. The plaintiff moved, inter alia, for summary judgment on the issue of liability against the Kahan defendants. The Supreme Court granted the Kroytor defendants' motion and that branch of the plaintiff's motion. The Kahan defendants appeal.
The Kroytor defendants established their prima facie entitlement to judgment as a matter of law dismissing the cross claims asserted against them by demonstrating that the accident was solely caused by Kahan, who failed to yield the right-of-way (see Vehicle and Traffic Law § 1142[a]; Fuertes v City of New York, 146 AD3d 936, 937; Figueroa v Diaz, 107 AD3d 754, 754-755). In opposition, the Kahan defendants failed to raise a triable issue of fact. The question of whether Kahan stopped at the stop sign governing East 27th Street is not dispositive since the evidence established that she failed to yield even if she did stop (see Fuertes v City of New York, 146 AD3d at 938; Pivetz v Brusco, 145 AD3d 806, 808).
The plaintiff established her prima facie entitlement to judgment as a matter of law on the issue of liability against the Kahan defendants by demonstrating that Kahan's failure to yield the right-of-way was a proximate cause of the accident (see Choi v Schwabenbauer, 124 AD3d 574, 575; Pinilla v New York City Tr. Auth., 122 AD3d 703, 705; Medina v Rodriguez, 92 AD3d 850, 851). A plaintiff is no longer required to show freedom from comparative fault in establishing his or her prima facie case (see Rodriquez v City of New York, 31 NY3d 312). In opposition, the Kahan defendants failed to raise a triable issue of fact. Contrary to their contention, the portion of the police accident report that contained Kahan's admission that she did not see the Kroytor defendants' vehicle was admissible (see Lezcano-Correa v Sunny's Limousine Serv., Inc., 145 AD3d 766, 767; Lesaldo v Dabas, 140 AD3d 708, 709; Gezelter v Pecora, 129 AD3d 1021, 1022-1023). Moreover, Kahan's affidavit, which contradicted her prior admission contained in the police accident report, was insufficient to raise a triable issue of fact (see Smalls v Adams, 118 AD3d 693, 695; Rosenblatt v Venizelos, 49 AD3d 519, 520; Nieves v JHH Transp., LLC, 40 AD3d 1060).
Accordingly, we agree with the Supreme Court's determination to grant that branch of the Kroytor defendants' motion which was for summary judgment dismissing the cross claims asserted against them and to grant that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the Kahan defendants.
RIVERA, J.P., CHAMBERS, ROMAN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court