Fayson v Rent-A-Center E., Inc. (2018 NY Slip Op 07863)





Fayson v Rent-A-Center E., Inc.


2018 NY Slip Op 07863


Decided on November 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


1111 CA 18-00786

[*1]JAMES E. FAYSON, PLAINTIFF-APPELLANT-RESPONDENT,
v
RENT-A-CENTER EAST, INC., R.G. GERSCHWENDER, DEFENDANTS-RESPONDENTS, MELANIE E. WEIGEL AND FANTASIA K. JACOBS, DEFENDANTS-RESPONDENTS-APPELLANTS. 






CELLINO & BARNES, P.C., BUFFALO (GREGORY V. PAJAK OF COUNSEL), FOR PLAINTIFF-APPELLANT-RESPONDENT. 
LAW OFFICE OF DANIEL R. ARCHILLA, BUFFALO (MARTHA E. DONOVAN OF COUNSEL), FOR DEFENDANTS-RESPONDENTS-APPELLANTS.
HODGSON RUSS LLP, ALBANY (CHRISTIAN J. SOLLER OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.


 Appeal and cross appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered July 21, 2017. The order, among other things, denied the motion of defendants Melanie E. Weigel and Fantasia K. Jacobs for summary judgment and denied the cross motion of plaintiff for partial summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries that she sustained in a motor vehicle accident that occurred while she was a passenger in a vehicle owned by defendant Melanie E. Weigel and operated by defendant Fantasia K. Jacobs (Weigel defendants). That vehicle collided with a vehicle owned by defendant Rent-A-Center, East, Inc. and operated by defendant R.G. Gerschwender (RAC defendants). Plaintiff appeals and the Weigel defendants cross-appeal from an order that, inter alia, denied the Weigel defendants' motion for summary judgment dismissing the complaint and cross claims against them and denied plaintiff's cross motion for partial summary judgment on the issue of negligence against all defendants. We affirm.
The accident occurred at the intersection of Broadway and Mills Street in the City of Buffalo when Gerschwender exited a parking lot and intended to proceed straight across Broadway onto Mills. Broadway had two lanes in each direction, and a curbside parking lane on both sides. There was no traffic control device at the intersection. In support of the motion and cross motion, the Weigel defendants and plaintiff relied on the deposition testimony of Jacobs and plaintiff, both of whom testified that Jacobs was traveling on Broadway in the left lane when Gerschwender suddenly came out of the parking lot to their left and struck their vehicle. The Weigel defendants therefore contend that their motion should have been granted inasmuch as Jacobs had the right-of-way, and Gerschwender was negligent in failing to yield to the Weigel vehicle and, for the same reason, plaintiff contends that his cross motion should have been granted with respect to the RAC defendants' negligence. The Weigel defendants and plaintiff also submitted, however, the deposition testimony of Gerschwender and his passenger, both of whom testified that the collision occurred in the right lane, and that there were no vehicles approaching when they exited the parking lot. The theory of the RAC defendants is that Jacobs had been parked on Broadway in the parking lane and pulled out into the right lane when [*2]Gerschwender was already in the intersection, and therefore Jacobs failed to yield the right-of-way to Gerschwender (see Davis v Turner, 132 AD3d 603, 603 [1st Dept 2015]). On this record, particularly the differing versions of which lane Jacobs was in at the time of the accident, we conclude that there is a triable issue on which party had the right-of-way, thus precluding summary judgment to the Weigel defendants and plaintiff (see Buffa v Carr, 148 AD3d 606, 606 [1st Dept 2017]; Barnes v United Parcel Serv., 104 AD3d 562, 562 [1st Dept 2013]). We reject the contention of the Weigel defendants that the RAC defendants are relying only on speculation with respect to the cause of the accident (cf. Pivetz v Brusco, 145 AD3d 806, 808 [2d Dept 2016]).
Entered: November 16, 2018
Mark W. Bennett
Clerk of the Court