Enriquez v Joseph (2019 NY Slip Op 01393)





Enriquez v Joseph


2019 NY Slip Op 01393


Decided on February 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-01488
 (Index No. 63570/13)

[*1]Konnie K. Enriquez, appellant,
v
Jackson Joseph, et al., respondents.


Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Susan M. Jaffe], of counsel), for appellant.
Russo & Tambasco, Melville, NY (Susan J. Mitola of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Arthur G. Pitts, J.), dated December 21, 2017. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On August 17, 2011, on Merrick Road at its intersection with Smith Lane in Seaford, a vehicle operated by the plaintiff and a vehicle operated by the defendant Jackson Joseph (hereinafter Jackson) and owned by the defendant Paul Joseph came into contact as the plaintiff was making a left turn from Smith Lane onto Merrick Road. It is undisputed that at the time of the accident, Jackson was traveling eastbound in the left lane of Merrick Road, and there was no traffic control device that governed his entrance into the intersection with Smith Lane. It is further undisputed that there was a stop sign governing the plaintiff's entrance from Smith Lane into the intersection with Merrick Road.
The plaintiff commenced this personal injury action against the defendants. After joinder of issue, the defendants moved for summary judgment dismissing the complaint. The defendants argued that the accident occurred as a result of the plaintiff's failure to yield the right-of-way to their vehicle, in violation of, inter alia, Vehicle and Traffic Law § 1142, and in failing to see what was there to be seen, namely, their vehicle which was traveling with the right-of-way and was approaching so closely as to constitute an immediate hazard. The Supreme Court granted the defendants' motion, and the plaintiff appeals.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709; see Aponte v Vani, 155 AD3d 929, 930; Baulete v L & N Car Serv., Inc., 134 AD3d 753, 754). There can be more than one proximate cause of an accident (see Faust v Gerde, 150 AD3d 1204; Lopez v Reyes-Flores, 52 AD3d 785, 786; Cox v Nunez, 23 AD3d 427, 427), and "[g]enerally, it is for the trier of fact to determine the issue of proximate cause" (Kalland v Hungry Harbor Assoc., LLC, 84 AD3d 889, 889; see Faust v Gerde, 150 AD3d at 1204). The issue of proximate cause may be decided as a matter of law where only one [*2]conclusion may be drawn from the established facts (see Kalland v Hungry Harbor Assoc., LLC, 84 AD3d at 889).
"Except when directed to proceed by a police officer, every driver of a vehicle approaching a stop sign shall stop . . . and after having stopped shall yield the right of way to any vehicle which has entered the intersection from another highway or which is approaching so closely on said highway as to constitute an immediate hazard during the time when such driver is moving across or within the intersection" (Vehicle and Traffic Law § 1142[a]). "A driver who fails to yield the right of way after stopping at a stop sign controlling traffic is in violation of Vehicle and Traffic Law § 1142(a) and is negligent as a matter of law" (Laino v Lucchese, 35 AD3d 672, 672; see Fuertes v City of New York, 146 AD3d 936, 937; Francavilla v Doyno, 96 AD3d 714, 715). "A driver with the right-of-way is entitled to anticipate that a motorist will obey traffic laws which require him or her to yield" (Fuertes v City of New York, 146 AD3d at 937; Luke v McFadden, 119 AD3d 533; Francavilla v Doyno, 96 AD3d at 715). "Although a driver with a right-of-way also has a duty to use reasonable care to avoid a collision, . . . a driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively negligent for failing to avoid the collision" (Yelder v Walters, 64 AD3d 762, 764 [citations omitted]; see Fuertes v City of New York, 146 AD3d at 937; Bennett v Granata, 118 AD3d 652, 653).
Here, the defendants demonstrated, prima facie, that the plaintiff was negligent in violating Vehicle and Traffic Law § 1142(a), when after stopping at the stop sign, she made a left turn into the path of oncoming traffic without yielding the right-of-way to the defendants' vehicle (see Fuertes v City of New York, 146 AD3d at 937; Bennett v Granata, 118 AD3d at 653; Francavilla v Doyno, 96 AD3d at 715). The defendants established in support of their motion for summary judgment that Jackson was not at fault in the happening of the accident by further demonstrating that he was not speeding prior to the accident and only had seconds to avoid the plaintiff's vehicle, in which time he applied his brakes, honked his horn, and attempted to veer away from contact, but was unable to avoid the collision. In opposition to the defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact as to whether Jackson was at fault in the happening of the accident.
Accordingly, we agree with the Supreme Court's determination to grant the defendants' motion for summary judgment dismissing the complaint.
DILLON, J.P., MILLER, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court