Kerolle v Nicholson (2019 NY Slip Op 03959)





Kerolle v Nicholson


2019 NY Slip Op 03959


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
JOSEPH J. MALTESE, JJ.


2017-07503
 (Index No. 13836/14)

[*1]Theophile Kerolle, et al., appellants,
v
Basil G. Nicholson, et al., respondents, et al., defendants.


Lipsig Shapey Manus & Moverman, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac], of counsel), for appellants.
Newman and Newman LLP, Jamaica, NY (Gregory J. Newman of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), entered June 29, 2017. The order, insofar as appealed from, denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability against the defendants Basil G. Nicholson and Karen M. Nicholson.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiffs' motion which was for summary judgment on the issue of liability against the defendants Basil G. Nicholson and Karen M. Nicholson is granted.
On July 7, 2014, the injured plaintiff was operating his motorcycle on 223rd Street in Queens, when a vehicle owned by the defendant Basil G. Nicholson and operated by the defendant Karen M. Nicholson (hereinafter together the Nicholson defendants), which was traveling on 107th Avenue, collided with the injured plaintiff's motorcycle at the intersection of those two streets. At the intersection, traffic on 223rd Street was not governed by any traffic control device, while traffic
on 107th Avenue was controlled by a stop sign.
The injured plaintiff, and his wife suing derivatively, commenced this action against the Nicholson defendants and others, inter alia, to recover damages for personal injuries, alleging that their negligence caused the accident. After issue was joined but before discovery was complete, the plaintiffs moved, inter alia, for summary judgment on the issue of liability, and the defendants opposed the motion. The Supreme Court, among other things, denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability against the Nicholson defendants, and the plaintiffs appeal from that portion of the order.
In support of their motion, the plaintiffs submitted, among other things, affidavits from the injured plaintiff and a witness, Shahiem Smith, who observed the collision. According to [*2]those affidavits, Karen drove the Nicholson defendants' vehicle into the intersection without yielding the right-of-way to the injured plaintiff's motorcycle in violation of Vehicle and Traffic Law § 1142(a) and struck the motorcycle as it was lawfully proceeding through the intersection (see Fuertes v City of New York, 146 AD3d 936, 937; Francavilla v Doyno, 96 AD3d 714, 715). "A violation of the Vehicle and Traffic Law constitutes negligence as a matter of law" (Vainer v DiSalvo, 79 AD3d 1023, 1024; see Gluck v New York City Tr. Auth., 118 AD3d 667, 669). Moreover, the plaintiffs also submitted a copy of a police accident report which contained Karen's statement that she did not see the injured plaintiff. Therefore, the plaintiffs established their prima facie entitlement to judgment as a matter of law on the issue of liability (see Fuertes v City of New York, 146 AD3d at 937; Francavilla v Doyno, 96 AD3d at 715; cf. McPherson v Chanzeb, 123 AD3d 1098, 1099; Hutton v Whelan, 104 AD3d 914, 915; see also Rodriguez v City of New York, 31 NY3d 312, 315).
In opposition, the Nicholson defendants failed to raise a triable issue of fact. They submitted an affidavit from Karen in which she averred that she came to a stop at the subject stop sign before slowly proceeding into the intersection after looking both ways. She further averred that, as she was in the intersection, she observed a motorcycle coming from her right on 223rd Street traveling "extremely fast," but was unable to avoid the accident despite applying pressure to the vehicle's brakes. Karen's statement in her affidavit contradicted her admission made immediately following the accident, as set forth in the police accident report. Karen has not disputed the statement, attributed to her in the police accident report, that she did not see the injured plaintiff prior to impact. Therefore, the submission of Karen's affidavit was a belated attempt to raise feigned factual issues to avoid the consequences of her earlier admission (see Odetalla v Rodriguez, 165 AD3d 826, 827; Twarog v Ortiz-Deviteri, 137 AD3d 777, 777; Buchinger v Jazz Leasing Corp., 95 AD3d 1053, 1053).
Contrary to the Nicholson defendants' contention, the plaintiffs' motion for summary judgment on the issue of liability was not premature. The Nicholson defendants failed to establish that additional discovery might lead to relevant evidence, or that facts essential to justify opposition to the motion were exclusively within the knowledge and control of the plaintiffs (see CPLR 3212[f]; Williams v Spencer-Hall, 113 AD3d 759, 760; Boorstein v 1261 48th St. Condominium, 96 AD3d 703, 704).
Accordingly, the Supreme Court should have granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability against the Nicholson defendants.
MASTRO, J.P., AUSTIN, COHEN and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court