Shepherd v Bliss (2019 NY Slip Op 04436)





Shepherd v Bliss


2019 NY Slip Op 04436


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2018-02773
2018-04824
 (Index No. 985/12)

[*1]Christina Shepherd, appellant, 
v
Justin A. Bliss, defendant, Nelson L. Shedrick, Jr., et al., respondents.


Donald Leo & Associates, PC, Islandia, NY (John F. Clennan of counsel), for appellant.
Roe & Associates, Garden City, NY (Jacqueline R. Garren and Joseph Iacono of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated January 22, 2018, and (2) an amended order of the same court dated January 31, 2018. The amended order, insofar as appealed from, granted that branch of the motion of the defendants Nelson L. Shedrick, Jr., and Dorey Gustam-Yellen, also known as Dorey Yellen, which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the appeal from the order dated January 22, 2018, is dismissed, as that order was superseded by the amended order dated January 31, 2018; and it is further,
ORDERED that the amended order is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
On the afternoon of May 19, 2011, at the intersection of Straight Path and 6th Street in Suffolk County, a vehicle owned by the defendant Nelson L. Shedrick, Jr., and operated by the defendant Dorey Gustam-Yellen, also known as Dorey Yellen (hereinafter Yellen), was struck by a vehicle operated by the defendant Justin A. Bliss. Prior to the accident, Yellen was traveling north on Straight Path and Bliss was traveling east on 6th Street. 6th Street, at its intersection with Straight Path, was governed by a stop sign. There was no traffic control device governing Straight Path at its intersection with 6th Street.
The plaintiff, who was a passenger in the vehicle operated by Yellen, subsequently commenced this action to recover damages for personal injuries she allegedly sustained in the accident. The Supreme Court, inter alia, granted that branch of the motion of Shedrick and Yellen which was for summary judgment dismissing the complaint insofar as asserted against them, and the plaintiff appeals.
Shedrick and Yellen established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them by demonstrating that the accident was solely caused by Bliss, who failed to see what was there to be seen and to yield the right-of-way (see Kraynova v Lowy, 166 AD3d 600, 602; Williams v Hayes, 103 AD3d 713, 714; Bongiovi v Hoffman, 18 AD3d 686, 687). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's contention that Yellen may have been negligent in the operation of her vehicle is unsupported by the record and is based upon mere speculation (see Francavilla v Doyno, 96 AD3d 714, 715).
Accordingly, we agree with the grant of that branch of the motion of Shedrick and Yellen which was for summary judgment dismissing the complaint insofar as asserted against them.
MASTRO, J.P., MALTESE, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court