Fernandez v American United Transp., Inc. (2019 NY Slip Op 08174)





Fernandez v American United Transp., Inc.


2019 NY Slip Op 08174


Decided on November 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2017-13005
 (Index No. 703151/15)

[*1]Jhan Luis Fernandez, plaintiff, 
v
American United Transportation, Inc., et al., appellants, Jonathan A. Duran, et al., respondents.


Russo & Toner, LLP, New York, NY (Maurice J. Recchia of counsel), for appellants.
Gentile & Tambasco, Melville, NY (Yamile Al-Sullami and Ahmed Elzoghby of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants American United Transportation, Inc., and Enrique G. Simbana appeal from an order of the Supreme Court, Queens County (Leslie J. Purificacion, J.), entered October 6, 2017. The order, insofar as appealed from, granted the motion of the defendants Jonathan A. Duran and Yan Carlos Marine Abreu for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
ORDERED that the appeal from so much of the order as granted that branch of the motion of the defendants Jonathan A. Duran and Yan Carlos Marine Abreu which was for summary judgment dismissing the complaint insofar as asserted against them is dismissed, as the defendants American United Transportation, Inc., and Enrique G. Simbana are not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendants Jonathan A. Duran and Yan Carlos Marine Abreu.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained on January 3, 2015, when a vehicle owned by the defendant Jonathan A. Duran and operated by the defendant Yan Carlos Marine Abreu, in which the plaintiff was a passenger, collided with a vehicle owned by the defendant American United Transportation, Inc. (hereinafter American), and operated by the defendant Enrique G. Simbana at the intersection of National Street and 42nd Avenue in Queens. National Street, on which Abreu was driving, was a two-way street not controlled by a traffic signal at its intersection with 42nd Avenue. On 42nd Avenue, a one-way, single-lane street on which Simbana was traveling, a stop sign governed the intersection with National Street. According to Simbana's deposition testimony, as he proceeded to cross National Street after stopping at the stop sign, he "thought there was no traffic coming," but his view of Abreu's lane of travel was blocked by a "tall vehicle." The front of the vehicle driven by Abreu collided with the front passenger side of the vehicle driven by Simbana.
Duran and Abreu moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, contending that Simbana failed to yield the right-of-way to Abreu, and that Abreu's actions were not a proximate cause of the accident. The Supreme Court, inter alia, granted the motion. American and Simbana appeal.
"As a general matter, a driver who fails to yield the right-of-way after stopping at a stop sign is in violation of Vehicle and Traffic Law § 1142(a) and is negligent as a matter of law" (Hunt v New York City Tr. Auth., 166 AD3d 735, 736; see Fuertes v City of New York, 146 AD3d 936, 937; Zuleta v Quijada, 94 AD3d 876, 877; Thompson v Schmitt, 74 AD3d 789, 789; Rahaman v Abodeledhman, 64 AD3d 552, 553). "[A] driver who has the right-of-way is entitled to anticipate that other drivers will obey traffic laws that require them to yield" (Hunt v New York City Tr. Auth., 166 AD3d at 736; see Shashaty v Gavitt, 158 AD3d 830, 831; Fuertes v City of New York, 146 AD3d at 937).
"[A] driver with a right-of-way . . . has a duty to use reasonable care to avoid a collision" (Yelder v Walters, 64 AD3d 762, 764), and one "who lawfully enters an intersection may . . . be found partially at fault for an accident if that driver fails to use reasonable care to avoid a collision with another vehicle at an intersection" (Rahaman v Abodeledhman, 64 AD3d at 553; see Graeber-Nagel v Naranjan, 101 AD3d 1078, 1078). However, "a driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively negligent for failing to avoid the collision" (Yelder v Walters, 64 AD3d at 764; see Shashaty v Gavitt, 158 AD3d at 831; Fuertes v City of New York, 146 AD3d at 937).
Here, Duran and Abreu made a prima facie showing of their entitlement to judgment as a matter of law dismissing all cross claims insofar as asserted against them by submitting evidence demonstrating that the vehicle driven by Abreu had the right-of-way proceeding on National Street at the intersection with 42nd Avenue, since National Street did not have a traffic control device and there was a stop sign on 42nd Avenue, and that Simbana, driving on 42nd Avenue, failed to yield (see Vehicle and Traffic Law § 1142; Fuertes v City of New York, 146 AD3d at 937; Zuleta v Quijada, 94 AD3d at 877; Yelder v Walters, 64 AD3d at 764). The question of whether Simbana stopped at the stop sign on 42nd Avenue is not dispositive, since the evidence established that, even if he did stop, he failed to yield to the vehicle driven by Abreu, which had the right-of-way (see Kraynova v Lowy, 166 AD3d 600, 602; Fuertes v City of New York, 146 AD3d at 937; Hatton v Lara, 142 AD3d 1047, 1048). Simbana acknowledged that after stopping at the stop sign, he proceeded into the intersection without a clear view of traffic on National Street and without yielding the right-of-way to the vehicle driven by Abreu, thereby violating Vehicle and Traffic Law § 1142(a) (see Pivetz v Brusco, 145 AD3d 806, 807; Zhubrak v Petro, 122 AD3d 922, 923; Smalls v Adams, 118 AD3d 693, 694). Duran and Abreu also demonstrated that Abreu's actions were not a proximate cause of the accident, and that he attempted to avoid the collision, but was unable to do so (see Shashaty v Gavitt, 158 AD3d at 832; see also Smalls v Adams, 118 AD3d at 695).
In opposition, American and Simbana failed to raise a triable issue of fact. The allegation that Abreu may have been traveling at an excessive rate of speed is speculative in light of Simbana's testimony that he did not see the vehicle driven by Abreu before the impact (see Pivetz v Brusco, 145 AD3d at 808; Lilaj v Ferentinos, 126 AD3d 947, 948; Puri v Solomon, 123 AD3d 685, 686; Zuleta v Quijada, 94 AD3d at 877). In addition, their contention that triable issues of fact exist as to whether Abreu took appropriate evasive action is without merit (see Pivetz v Brusco, 145 AD3d at 808; Yelder v Walters, 64 AD3d at 765).
Accordingly, we agree with the Supreme Court's determination to grant that branch of the motion of Duran and Abreu which was for summary judgment dismissing all cross claims insofar as asserted against them.
RIVERA, J.P., ROMAN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court