Balladares v City of New York (2019 NY Slip Op 08549)





Balladares v City of New York


2019 NY Slip Op 08549


Decided on November 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
ROBERT J. MILLER
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2018-11929
 (Index No. 702486/18)

[*1]Martha A. Balladares, et al., appellants, 
v
City of New York, et al., respondents.


Skip Alan LeBlang, New York, NY, for appellants.
James E. Johnson, Corporation Counsel, New York, NY (Claude S. Platton and Tahirih M. Sadrieh of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered September 7, 2018. The order, insofar as appealed from, denied those branches of the plaintiffs' motion which were for summary judgment on the issue of liability and dismissing the first affirmative defense, alleging comparative negligence.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiffs' motion which were for summary judgment on the issue of liability and dismissing the first affirmative defense are granted.
The plaintiffs were passengers in a vehicle operated by a nonparty when it collided, at the T-intersection of Alderton Street and Asquith Crescent in Queens, with a vehicle operated by the defendant Stephen Kuo (hereinafter the defendant driver) and owned by the defendant City of New York. The plaintiffs' vehicle was traveling in an easterly direction on Alderton Street, which was not governed by a traffic control device at its intersection with Asquith Crescent. The defendants' vehicle was traveling in a northerly direction on Asquith Crescent, which came to an end at its intersection with Alderton Street and was governed by a stop sign at the subject intersection. The defendants' vehicle was making a left turn at the intersection when the collision occurred.
The plaintiffs commenced this personal injury action against the defendants. Subsequently, the plaintiffs moved for summary judgment on the issue of liability and dismissing various affirmative defenses asserted by the defendants. The Supreme Court, inter alia, denied those branches of the plaintiffs' motion which were for summary judgment on the issue of liability and dismissing the first affirmative defense, alleging comparative negligence. The plaintiffs appeal.
"A driver who fails to yield the right of way after stopping at a stop sign controlling traffic is in violation of Vehicle and Traffic Law § 1142(a) and is negligent as a matter of law" (Laino v Lucchese, 35 AD3d 672, 672; see Fuertes v City of New York, 146 AD3d 936, 937; Francavilla v Doyno, 96 AD3d 714, 715). Further, the question of whether the driver stopped at the stop sign is not dispositive where the evidence establishes that the driver failed to yield after initially stopping (see Kraynova v Lowy, 166 AD3d 600, 602; Hatton v Lara, 142 AD3d 1047, 1048; Lilaj [*2]v Ferentinos, 126 AD3d 947; Williams v Hayes, 103 AD3d 713, 714). "A driver with the right-of-way is entitled to anticipate that a motorist will obey traffic laws which require him or her to yield" (Fuertes v City of New York, 146 AD3d at 937; Luke v McFadden, 119 AD3d 533; Francavilla v Doyno, 96 AD3d at 715). "Although a driver with a right-of-way also has a duty to use reasonable care to avoid a collision, . . . a driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively negligent for failing to avoid the collision" (Yelder v Walters, 64 AD3d 762, 764 [citations omitted]; see Giwa v Bloom, 154 AD3d 921, 921-922; Fuertes v City of New York, 146 AD3d at 937; Bennett v Granata, 118 AD3d 652, 653).
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034; see Rodriguez v City of New York, 31 NY3d 312). "To be entitled to partial summary judgment a plaintiff does not bear the . . . burden of establishing . . . the absence of his or her own comparative fault" (Rodriguez v City of New York, 31 NY3d at 324-325; see Odetalla v Rodriguez, 165 AD3d 826; Outar v Sumner, 164 AD3d 1356; Edgerton v City of New York, 160 AD3d 809, 811). Even though a plaintiff is no longer required to establish his or her freedom from comparative negligence, the issue of a plaintiff's comparative negligence may be decided in the context of a summary judgment motion where, as here, the plaintiff moved for summary judgment dismissing a defendant's affirmative defense of comparative negligence (see Wray v Galella, 172 AD3d 1446, 1447; Poon v Nisanov, 162 AD3d 804, 808).
Here, in support of their motion, the plaintiffs submitted evidence sufficient to establish, prima facie, that the defendant driver was negligent in failing to see what was there to be seen and in entering the intersection without yielding the right-of-way, even if he did initially stop at the stop sign (see Vehicle and Traffic Law §§ 1142[a]; 1172[a]; Enriquez v Joseph, 169 AD3d 1008, 1009-1010; Shashaty v Gavitt, 158 AD3d 830, 832; Fuertes v City of New York, 146 AD3d at 937). With respect to the issue of comparative negligence, the plaintiffs demonstrated, prima facie, that they were innocent passengers who did not contribute to the happening of the accident. The right of the plaintiffs, as innocent passengers, to summary judgment is not "restricted by potential issues of comparative negligence" which may exist as between the defendant driver and the driver of the host vehicle (Medina v Rodriguez, 92 AD3d 850, 850; see Jung v Glover, 169 AD3d 782, 783; Anzel v Pistorino, 105 AD3d 784, 786; Silberman v Surrey Cadillac Limousine Serv., 109 AD2d 833). In opposition, the defendants failed to raise a triable issue of fact.
The defendants' contention that the plaintiffs' motion was premature is without merit (see CPLR 3212[f]).
Accordingly, the Supreme Court should have granted those branches of the plaintiffs' motion which were for summary judgment on the issue of liability and dismissing the first affirmative defense, alleging comparative negligence.
SCHEINKMAN, P.J., MILLER, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court